LAURA P. VAN METER *vs.* A. M. KNIGHT.

June 12, 1884.

**Mortgage — Land in Two Counties — Record—Foreclosure.**—A mortgage covered lands situated in part in the county of M., and in part in the county of R. The mortgage was duly recorded in full in R., but in recording it in M. the description of the land situated in R. was omitted from the record. *Held,* that while the record in M. was good as to the land therein situated, yet it was not sufficient to draw to it the right to proceed under a power to advertise and sell in M. the lands situated in R.

**Same—Suit to test Foreclosure Sale—Payment or Deposit.**—The payment or deposit required by Gen. St. 1878, c. 75, § 25, in actions to set aside or test the validity of a mortgage foreclosure sale, is no part of the right of action, but simply a condition precedent to the entry of judgment, and hence need not be made before the commencement of suit.

**Costs and Disbursements in Equitable Action.** — The prevailing party in an equitable action is entitled, as a matter of right, to his *disbursements,* as distinguished from *costs,* which are in the discretion of the court.

Action to determine adverse claims to real estate situated in Renville county, brought in the district court for that county. Defendant pleaded title under a foreclosure by advertisement of a mortgage upon lands in both Renville and McLeod counties, the sale having been made in the latter county. The mortgage was properly recorded in Renville county, but the record of it in McLeod county failed to include the land in Renville county. Plaintiff's title rests upon a deed from the mortgagor given subsequent to the mortgage.

Upon the trial of the action, before *Webber,* J., without a jury, when the defendant had rested his case, the plaintiff tendered to the defendant the amount for which the land in controversy was sold upon the foreclosure sale, and, upon defendant's refusal to receive it, paid it into court. The court found that plaintiff was the owner in fee simple of the premises, and that defendant was entitled to the fund deposited in court. Defendant appealed to the court from the clerk's taxation of plaintiff's disbursements; the taxation was af-

firmed, judgment was entered in accordance with the findings of the court, and the defendant appealed.

*Peck & Little*, for appellant.

*Cross, Hicks & Carleton*, for respondent.

MITCHELL, J.[1]   One Edwards executed to one Austin a mortgage upon lands situated partly in McLeod county and partly in Renville county.   The mortgage was duly recorded in the latter county, and was also recorded in McLeod county, except that the description of the land situated in Renville county was wholly omitted from the record.   Default having been made in the conditions of the mortgage, Austin foreclosed by advertisement under a power of sale, the notice of sale being published, and the sale being made, in McLeod county. At this sale the lands in both counties were sold, in separate parcels, to the defendant.   The time of redemption having expired, and the land in Renville (which is the land in controversy) not having been redeemed, defendant now claims title under the foreclosure.   Plaintiff claims title through a conveyance from Edwards, executed subsequent to the mortgage to Austin.

1. The question in the case is the validity of this foreclosure, and this in turn depends upon the sufficiency of the record of the mortgage in McLeod county as a basis for advertising and selling, in that county, the lands situated in Renville county.   The provisions of statute bearing upon this question are as follows: Gen. St. 1878, c. 81, § 2, enumerates, as one of the requisites to the right to foreclose under a power of sale, that the mortgage containing the power has been duly recorded.   Section 5 of the same chapter provides that notice of sale shall be given by publishing the same in a newspaper printed and published in the county where the premises intended to be sold, *or some part thereof*, are situated.   Section 7 provides that the sale shall be in the county in which the premises to be sold, *or some part thereof*, are situated.   It would seem to follow that, in order to foreclose and sell in one county mortgaged premises situated in two counties, the mortgage should be recorded in both.

We have no doubt that the record in the present case, in McLeod

---

[1] Dickinson, J., because of illness, took no part in this decision.

county, was good as to the McLeod county lands, both as notice to purchasers and as a basis for the right to foreclose and sell those lands, although the Renville county lands were omitted from the record. But with such omission, we do not think this record was sufficient to authorize uniting in the same proceeding, by advertisement and sale in McLeod county, the Renville county lands. Such a record would not draw to it the right to proceed in McLeod county against the lands in the other county. The reason for this is obvious. If one proposing to bid at the sale should examine the record in McLeod county, he would find no reference to the Renville county lands as being included in the same mortgage, and hence would infer that no authority existed for selling those lands. This would naturally deter him from bidding, to the probable detriment of the mortgagor. If it be suggested that he should examine the record in Renville county, we reply we think he would have a right to examine either. But if it be admissible in such case to omit the description of the Renville county lands from the record in McLeod, it would be equally so to omit the McLeod county lands from the record in Renville. If this were done, how could a person know that the two records were of the same instrument, or that both tracts of land were included in the same mortgage, so as to authorize a sale of both in one county? To warrant, under the statute, a joint foreclosure in one county of all the lands in both counties, we think the description of all the lands must be spread on the record in the county where the sale is made.

2. This was, in form, an action under the statute to determine an adverse claim to real estate, the real object of it being to test the validity of this foreclosure sale. Gen. St. 1878, *c.* 75, § 25, provides that in such an action the defendant may, in his answer, set out the amount for which the land was bid off at the sale, and that the plaintiff shall not be entitled to have judgment for the relief demanded until he shall first pay or deposit in court the amount for which the lands were bid off, with interest from the day of sale. This does not require that such payment or deposit shall be made before the action is brought. It is no part of the cause of action. It is simply a condition precedent to the entry of judgment. Therefore the tender and deposit made in this case on the trial was seasonably made.

3. The court made no order in the case as to costs.    The clerk allowed the plaintiff disbursements, but no "costs."    On an appeal by defendant, the court affirmed the clerk's taxation.    This was correct. The action being an equitable one, the matter of allowing statutory costs was in the discretion of the court.    Gen. St. 1878, c. 67, § 5. But in *every action* commenced in the district court the prevailing party is entitled to his *disbursements* as a matter of right.    The term "costs," as used in section 5, the allowance of which is in the discretion of the court in equitable actions, refers to what are called statutory costs as distinguished from disbursements.

Judgment affirmed.