EDWIN MORRIS, Plaintiff and Respondent, *v.* ELIZABETH MC-KNIGHT and EUGENE V. MCKNIGHT, Defendants and Appellants.

1. **Foreclosure Proceedings Void on Their Face No Cloud.**

   An action in equity to set aside foreclosure proceedings as constituting a cloud on plaintiff's title cannot be maintained where such foreclosure proceedings were void on the face of the record.

2. **Assignee of Mortgagee — Foreclosing by Advertisement.**

   To enable a party, claiming as assignee of mortgagor, to foreclose a mortgage upon real estate in this state by advertisement, the record must satisfactorily show the legal title to the mortgage to be in the assignee.

3. **Same; Record Not Showing Legal Title in Mortgagee, Foreclosure Void.**

   Where a mortgage upon real estate was executed to "Beecher & Dean," and subsequently one Charles R. Dean assigned his interest in

such mortgage to one Salmon I. Beecher, which assignment was duly recorded, and thereafter Salmon I. Beecher assigned said mortgage to George S. Barnes, which assignment was also duly recorded, and said Barnes assigned to Elizabeth McKnight, and which last assignment was also recorded, and said Elizabeth McKnight proceeded to foreclose by advertisement, *held*, that the record did not show that the legal title to said mortgage had ever passed from "Beecher & Dean," and such foreclosure was void on the face of the record.

TEMPLETON, J., dissenting.

(Opinion Filed, June 3, 1890.)

*A* PPEAL from district court, Cass county; Hon. WILLIAM B. McCONNELL. Judge.

Action in equity to cancel of record and declare illegal and void a certain proceeding by advertisement for the foreclosure of a mortgage on real estate as constituting a cloud upon plaintiffs' title. Decree for plaintiff granting the relief prayed, and defendants appeal.

Messrs. Francis and Southard (A. C. Davis of counsel), for appellants, on the points ruled by the court, cited: Civil Code, §§ 2011 and 2012; Cox v. Clift, 2 N. Y. 118; Look v. Kenney, 128 Mass. 284; Hayes v. Frey, 11 N. W. Rep. 695; Holcombe v. Richards, 35 id. 714; Miller v. Clark, 23 id. 35; Lee v. Clary, 38 Mich. 223; Niles v. Ransford, 1 Mich. 338; Morrison v. Mendenhall, 18 Minn. 232.

Messrs. Ball and Smith, for the respondent, argued that inasmuch as by § 612 of the Code of Civil Procedure certain affidavits are made *prima facie* evidence of the facts therein contained, this case was one for the interference of equity; a deed issued on such a foreclosure proceeding would be *prima facie* good, and where tax deeds are made *prima facie* evidence of the regularity of the assessment, etc., equity will in proper case direct the cancellation of the tax certificate: Weller v. St. Paul, 5 Minn. 95.

BARTHOLOMEW, J. There is, in this case, no controversy as to the facts, both parties accepting the findings of the court. These are, in substance, that plaintiff is the owner of the land in controversy subject to a certain mortgage dated September 14,

1882, executed by the defendant, Eugene V. McKnight, the then owner of the land, to "Beecher & Dean," and subject to the rights of the defendant Elizabeth McKnight, as the assignee of said mortgage, or by virtue of the foreclosure thereof; that the mortgage given by said Eugene V. McKnight to "Beecher & Dean" contained the usual power of sale; that the same was recorded in Cass county, October 3, 1882; that on January 4, 1884, one Charles R. Dean assigned in writing all his interest in said mortgage to one Salmon I. Beecher, which assignment was duly recorded in said county January 9, 1884; that on September 3, 1885, Salmon I. Beecher, by writing indorsed on said mortgage, duly assigned the same to one G. S. Barnes, and this assignment was duly recorded in said county November 13, 1885; that on September 29, 1885, George S. Barnes, by written instrument, duly assigned said mortgage to the defendant Elizabeth McKnight, and that said assignment was duly recorded in said county November 13, 1885; that the foregoing are the only assignments that were ever made relating to or affecting said mortgage or the notes secured thereby. Elizabeth McKnight proceeded to foreclose by advertisement. Her notice contained the necessary statutory requirements, and alleged that the interest of said Dean in said mortgage was assigned to said Beecher, and said mortgage was assigned by said Beecher to George S. Barnes, and by George S. Barnes to Elizabeth Mc-Knight. The notice was published in the proper county for the proper time, and on January 29, 1886, said land was sold under said mortgage, in pursuance of said notice, by the deputy sheriff of Cass county, and bought by Elizabeth McKnight, and the usual certificate issued to her and said notice of certificate duly recorded in said county. On these facts the court found the foreclosure proceedings to be void, and canceled the certificate as constituting a cloud on plaintiff's title. The trial court held that as no assignment of the mortgage had ever been executed by "Beecher & Dean," or, so far as the record showed, with their knowledge or consent, or that of either of them, there was nothing to show that they had ever parted with their title to or interest in the mortgage, and hence that plaintiff could not acquire any interest which Beecher &

Dean might have as mortgagees by redeeming from the fore-closure sale to Elizabeth McKnight; that in order to pass title to real estate by foreclosure by advertisement, the record must show a chain of title from the mortgagor to the purchaser at the foreclosure sale, and that the record in this case showed no such chain, hence the foreclosue was invalid; but that the same constituted a cloud on plaintiff's title, and should be vacated and canceled.

Appellants' cousel contend in this court that the trial court, in canceling the foreclosure proceedings under the circumstances, disregarded the well-established rule in equity, and which is also a statutory rule in this state, (Civil Code, §§ 2011, 2012,) to the effect that a court of equity will not entertain an action to can-cel an instrument invalid on its face, or upon the face of another instrument necessary to the use of the former in evidence, for the reason that an instrument which thus carries its own infirm-ity on its face cannot constitute a cloud. The argument is this: Title under the forclosure can only be asserted by tracing back through the assignments of the mortgage. Under the ruling such assignments are held to be insufficient in law to sustain the foreclosure by Elizabeth McKnight. Hence, every effort to as-sert the title exhibits its invalidy. We see no escape from this position, and, while the rule itself has been severely criticised, (see 3 Pom. Eq. Jur. p. 437,) yet, as it has legislative sanction in this state, we cannot regard the criticism. For the reason above stated a reversal will be necessary, but in order to defi-nitely determine the rights of the parties respectively, we must notice the other points in the case.

It is contended that the court erred in holding that the record must show a legal chain of title from the mortgagor to the fore-closure purchaser. In the broad sense of the words, perhaps, the position of counsel is correct, but, in the sense in which the court used the language, we deem the rule most salutary, and it is not without support in the authorities. Our statute (§ 5412, Comp. Laws, subd. 3) provides, as a condition precedent to foreclosure by advertisement, "that the mortgage containing such such power of sale has been duly recorded, and, if it shall have been assigned, that all the assignments thereof have been

duly recorded in the county where such mortgaged premises are situated." The statutes of Wisconsin, Michigan, and Minnesota are, in effect, precisely like our own. Hayes v. Frey, (Wis.) 11 N. W. Rep. 695; Miller v. Clark, (Mich,) 23 N. W. Rep. 35; Lee v. Clary, 38 Mich. 223; and Holcombe v. Richards, (Minn.) 35 N. W. Rep. 714, cited by appellant, are cases upholding fore-. closures by advertisement made by foreign executors or administrators when no evidence of their appointment was of record in the county where the mortgaged premises were situated. The opinions go upon the ground that the executor or administrator holds the legal title to the mortgage, not by assignment, but by operation of the law, and the power of sale extends to such representatives by express words contained in the power.

The supreme court of Michigan, in Miller v. Clark, use this language: "The assignments which are required to be recorded are those which are executed by the voluntary act of the party, and this does not apply to cases where the title is transferred by operation of law, the object of the statute being to restrict the execution of the power to the owner of the legal title to the instrument; hence, the executor or administrator of the owner of the mortgage can, as owner of the legal title, execute the power, and proceed in that manner to foreclose the mortgage." In Morrison v. Mendenhall, 18 Minn. 232, (Gil. 212,) the court upheld a foreclosure where an assignment of the mortgage had been made by an attorney in fact whose authority was not of record. The mortgage was partnership property. The partnership consisted of three persons, one of whom was made managing partner by the articles of copartnership. The assignment was executed by the managing partner for himself, and by one other partner for himself, and by the managing partner as attorney in fact for the absent partner. The transfer was made in the usual course of firm business, and the court upheld it. But in that case the court, after quoting the statute, say: "The manifest purpose of this requirement of the statute was to make the contents of the mortgage, and, so far as the statute goes, to make the title to the mortgage, matters of record. This mode of foreclusure being altogether *in pais*, and having been devised (as it undoubtedly was) to avoid the delay and expense of judi-

cial proceedings, it was for obvious reasons important, not only to the parties to the mortgage itself, and to the assignee, but to subsequent incumbrancers, creditors, and contemplating purchasers, that some permanent and accessible evidence of the existence and contents of the mortgage and of the title to the same should be provided." Again, in Benson v. Markoe, 42 N. W. Rep. (Minn.) 787, speaking of this same statute, this language appears: "The statute authorizing this method of foreclosure evidently designs that there shall be of record a legal mortgage, and that the record shall be so complete as to satisfactorily show the right of the mortgagee or his assigns to invoke its aid." From the adjudicated cases and the wording of the statute we conclude that when a party seeks to foreclose a mortgage in this state by advertisement, claiming such right as assignee, the record must show complete legal title to such mortgage in such assignee; otherwise such foreclosure will be a nullity. Any other rule would discourage bidding at such foreclosure sales, and result in the sacrifice of property, and the title so conveyed would remain under suspicion, and values be thereby depreciated. A still more unfortunate result would be the fact that the mortgagor and those claiming under him could not with safety redeem from such sales. Either the right to redeem must be abandoned or a redemption made with the risk of finding the legal title to the mortgage in some person other than the pretended assignee.

One further question remains. Does the record in this case show such chain of title? We think not. The mortgage run to "Beecher & Dean." It is not shown even that such parties were copartners, nor is the Christian name of either developed by the mortgage. It is held in Sherry v. Gilmore, 58 Wis. 332, 17 N. W. Rep. 252, where a tax-deed named Gilmore & Ware as grantee, that "the grantee in the tax-deed in question is so described as to indicate a partnership, and the evidence shows that, at the time of the delivery of the deed, the defendants were partners, using the firm name of "Gilmore & Ware." A firm name is always held sufficient to designate the true name of all the persons composing the firm, and is always used in transaction of the business of the firm." The point was made in that

case that the deed was void for want of a grantee, and an objection made to the introduction of the deed on that ground. We understand the case to hold that the words "Gilmore & Ware" sufficiently indicate a firm composed of two persons, the name of one being Gilmore, and the other Ware. That would of course indicate lawful grantees, and furnish the basis on which such grantees could be identified by evidence *aliunde*, as was done in that case. We do not think that the case holds that the use of a firm name is in itself sufficient to establish the identity of the individual partners, and distinguish them from the rest of the world. In all cases of this kind to which our attention has been called, the court has required extrinsic evidence to establish the identity of the grantees. See Lumber Co. v. Ashworth, 26 Kan. 212; Shaw v. Loud, 12 Mass. 446; Newton v. McKay, 29 Mich. 1. There was in this case an assignment from Charles R. Dean to Salmon I. Beecher and another from Salmon I. Beecher to G. S. Barnes, both assignments purporting to convey an interest in the mortgage. But there is nothing in either assignment showing that either said Salmon I. Beecher or said Charles R. Dean is, or pretends to be, the Beecher or the Dean named as a grantee in the mortgage. However persuasive the circumstances may be of the existence of such fact, we do not think the law presumes it from the circumstances. On the other hand, it is said: The law will not presume that an assignment of an instrument will be made by a stranger to it. This is doubtless correct also. The law indulges no presumption in either direction, but simply requires the party upon whom rests the burden to make certain that which upon the record is uncertain. For the reasons above stated the attempted foreclosure in this case was a nullity, and the trial court was correct in so holding. But, as the invalidity of the proceedings is apparent on the face of the record, no action can be maintained to set them aside, and for that reason the case is reversed and remanded, with instructions to the district court to dismiss the complaint.

WALLIN, J., having been of counsel, did not sit. TEMPLETON, judge of the first judicial district, sitting by request, dissents.