(105 N. W. 236.)

---

LARS LARSON v. JOHN CHRISTIANSON, AND ALL OTHER PERSONS UNKNOWN, CLAIMING AN ESTATE OR INTEREST IN, OR LIEN OR INCUMBRANCE UPON, THE PROPERTY DESCRIBED IN THE COMPLAINT AND THEIR UNKNOWN HEIRS.

Opinion filed October 21, 1905.

**Quieting Title — Judgment on the Pleadings — Denial of Plaintiff's Title Creates an Issue.**

1. In an action to determine adverse claims under chapter 5, p. 9, Laws 1901, the granting of plaintiff's motion for judgment on the

pleadings is error, when the answer denies plaintiff's title to real estate, although it does not set forth a valid adverse interest.

### Intoxicating Liquors — Lien of Fine and Costs — Execution Upon Judgment Thereof.

2. On a conviction for keeping and maintaining a nuisance, in violation of section 7605, Rev. Codes 1899, the court adjudged that the fine imposed and costs accrued should be a lien on the real estate on which the nuisance was kept, pursuant to section 7610, Rev. Codes 1899. These premises were owned by the plaintiff in this action, who was not a party in the criminal action. Execution was issued on the judgment in the criminal action, and plaintiff's land levied on and sold to defendant. *Held,* that the sale was void, as based on a judgment or proceeding to which plaintiff was not a party.

### Same — Enforcement of Lien for Fines and Costs.

3. The enforcement of the lien for fines and costs assessed under section 7610, Rev. Codes 1899, should be by action, and not by execution, in cases like the one under consideration.

### Same — Nuisance — Knowingly Permitting.

4. The word "permit" as used in section 7610, Rev. Codes 1899, is to be construed as authorizing the enforcement of a lien on the premises on which a nuisance is maintained in violation of section 7605, Rev. Codes 1899, when the proof shows that the owner knowingly permitted such use.

Appeal from District Court, McHenry county; *Palda, Jr., J.*

Action by Lars Larson against John Christianson and others. Judgment for plaintiff, and defendant Christianson appeals.

Reversed.

*A. M. Christianson,* for appellant.

In actions to determine adverse claims to real estate, general denial puts plaintiff's title in issue, and if he fails to prove it, he cannot question defendant's interest, liens or claims. Dever v. Cornwell et al., 86 N. W. 227, 10 N. D. 123; Wakefield v. Day, 41 Minn. 344, 43 N. W. 71; Jellison v. Halloran, 40 Minn. 485, 42 N. W. 392; Pennie v. Hildreth et al., 81 Cal. 127, 22 Pac. 398; Flint v. Dulaney et al., 37 Kan. 332, 15 Pac. 208; Beale v. Blake, 45 N. J. Eq. 668; Peacock v. Stott, 104 N. C. 155; Sklower v. Abbott, 19 Mont. 228, 47 Pac. 901; Mitchell v. McFarland et al., 47 Minn. 535, 50 N. W. 610; Dyer v. Baumeister, 87 Mo. 137; Churchill v. Onderdonk, 59 N. Y. 137.

All defenses legal and equitable may be proved under general denial. Mason v. Roll, 30 Ind. 260; Jackson et al. v. Neal, 136 Ind. 173, 35 N. E. 1021.

Section 7610, Rev. Codes 1899, creates a valid lien. Hardten. et -al. v. State, 32 Kan. 637, 5 Pac. 212; State v. Snyder et al., 34 Kan. 425, 8 Pac. 860.

Fine and costs constitute a paramount lien upon the premises. Cordes v. State, 14 Pac. 493; Snyder et al. v. State, 20 Pac. 122; section 7610, Rev. Codes.

Nuisance may be abated summarily and costs fixed upon the property. Baumgartner v. Hasty, 100 Ind. 575; Kennedy v. Phelps, 10 La. Ann. 227.

A purchaser at a void judicial sale becomes equitable assignee of the owner of the lien upon which the sale is made. Brown v. Smith, 116 Mass. 108; Freeman, Void Jud. Sales, section 50; Hoffman v. Harrington, 33 Mich. 392; Frische v. Kramer's Lessee, 16 O. 126; Stark et al. v. Brown, 12 Wis. 572; Moore v. Cord, 14 Wis. 214; Robinson v. Ryan et al., 25 N. Y. 320; Johnson v. Sandhoff et al., 30 Minn. 197; 20 Enc. Law, 1030; Wiltsie on Mortgage Foreclosures (1st Ed.) 34-35; Hart v. Wandle et al., 50 N. Y. 381; Smith v. Gardner, 42 Barb. 356; Probst v. Brock, 10 Wall. 519, 19 L. Ed. 1002.

Permitting one to acquire title under a proceeding estops the person permitting to question its validity. Bryan v. Pinney et al., 31 Pac. 548; Roeder v. Fouts et al., 31 Pac. 432; Fallen v. Worthington, 22 Pac. 960; Wright v. E. M. Dickey Co., 50 N. W. 206; Edwin v. Lowry, 7 How. 172, 12 L. Ed. 655; Kirk v. Hamilton, 102 U. S. 68, 26 L. Ed. 79; Close et al. v. Glenwood Cemetery, 107 U. S. 466, 27 L. Ed. 408.

*J. E. Burke,* for respondents.

Section 7610, Rev. Codes 1899, is unconstitutional. Con. N. D., art. 1, sections 7, 13; Colon v. Lisk et al., 47 N. E. 302; Lawton et al. v. Steele, 23 N .E. 878; Campbellsville v. Odewalt, 60 L. R. A. 723; People v. Warden of City Prison, 39 N. E. 686.

In an action to quiet title judgment may be attacked collaterally. 17 Am. & Eng. Enc. Law (2d Ed.) 1065; Phelps v. McCallam, 10 N. D. 536, 88 N. W. 292.

Under section 7610, even if court can render a valid judgment, a separate action must be had to enforce the lien of the judgment.

Brown v. Denver, 7 Col. 305; 10 Am. & Eng. Enc. Law (2d Ed.) 297.

The word "permit" carries with it consent or license to do a certain thing. Ahern v. Steele et al., 5 L. R. A. 449; Wason v. Pettit, 5 L. R. A. 794; Lufkin v. Zans, 17 L. R. A. 251; State v. Speyer, 29 L. R. A. 573; Cameron v. Kapinos, 56 N. W. 677; Buckham v. Grape et al., 17 N. W. 755; Wing v. Benham et al., 39 N. W. 921; Cox v. Newkirk, 34 N. W. 492; Snedaker v. Jones, 37 N. W. 175; Putney v. O'Brien, 4 N. W. 891; Loon v. Hiney et al., 4 N. W. 865.

MORGAN, C. J. Action to determine adverse claims to real estate. The complaint alleges that plaintiff is the owner in fee simple of the lot involved in the suit, and, so far as the other allegations of the complaint are concerned, the same are in compliance with the provisions of chapter 5, p. 9, Laws 1901, which provides what the allegations of the complaint may be. The answer of John Christianson, the only defendant who has answered, "denies generally and specifically all and singular each and every allegation, matter, fact and thing in said complaint alleged, set forth and contained, not hereinafter specifically admitted, qualified or explained." The answer further sets forth an alleged lien in favor of said defendant, and particularly sets forth each step or proceeding by which it is claimed that said lien was created and under which the defendant claims that he acquired an interest in and lien upon said lot. The facts set forth in said answer are, in substance, as follows: That one Armstrong was in possession of said lot between January 1, 1901, and April 3, 1902; that during said period said Armstrong kept and maintained a nuisance upon said lot, contrary to the provisions of section 7605, Rev. Codes 1899, and was thereafter convicted of the offense of maintaining a nuisance by selling intoxicating liquors in a place kept on said lot, contrary to the provisions of said section; that said Armstrong was sentenced to imprisonment and to pay a fine of $200 and the costs of the prosecution, taxed at the sum of $100; and that said fine and costs, aggregating the sum of $300, were by the court declared, adjudged and decreed to be a lien upon the lot on which said nuisance was maintained, and that said lot was sold on execution issued under such judgment to the defendant and a certificate of sale thereof duly issued to him, and that he is the owner and holder of said certificate. The plaintiff moved for judgment on the pleadings in

this 'action. The trial court granted the motion, and judgment was entered in favor of the plaintiff. The judgment declared the plaintiff to be the owner of the lot, and that the defendant's alleged lien on the lot was null and void and conferred no rights upon him. The defendant has appealed from the judgment.

A statement of the case was settled and made a part of the judgment roll. The errors specified therein relate solely to the alleged error in granting the motion for judgment. Appellant attempts to sustain his contention upon two grounds: (1) That there was an issue made by the answer as to the plaintiff's ownership of the lot. (2) That defendant had a valid lien upon the lot by virtue of the certificate of sale issued to him.

Upon the latter contention it may be said that the lien is claimed to have been based upon proceedings under section 7610, Rev. Codes 1899, which reads as follows: "All fines and costs assessed against any person or persons for any violation of this chapter shall be a lien upon the real estate of such person or persons until paid; and in case any person or persons * * * shall permit the same to be used and occupied for the sale of intoxicating liquor contrary to the provisions of this chapter, the premises so leased and occupied shall be subject to a lien for and may be sold to pay all fines and costs assessed against any such occupant for any violation of this chapter; and such lien may be enforced by civil action in any court having jurisdiction * * *." The lot in question was sold to the defendant at an execution sale. The execution was issue on the judgment entered against Armstrong in the criminal case. There was no action brought to enforce this lien, and the plaintiff was not a party to any proceedings as to the judgment or as to the sale. It is clear to us that the sale was a nullity. Section 7610 clearly provides for an action to enforce liens in cases like the one under consideration. Unless enforced by action, the owner of the real estate is deprived of an opportunity to establish that the conditions under which such liens may be created did not exist. His property may be taken without an opportunity for a hearing if the lien can be enforced by execution. He is entitled to his day in court before his property can be taken from him. His property cannot be taken from him without due process of law. The lien cannot be adjudged to be binding upon the owner until he has had an opportunity of showing its invalidity in an action in which he is a party. United Lines Tel. Co. v. Boston Safe deposit & Trust Co., 147 U. S. 431, 13 Sup. Ct. 396, 37 L. Ed. 231;

Brown v. Denver, 7 Col. 305, 3 Pac. 455; Am. & Eng. Enc. Law (2d Ed.) vol. 10, p. 297, and cases cited.

The answer fails to set forth the facts necessary to a valid lien on the premises for the fine and costs in the criminal action. There is no lien unless the owner of the premises permits the occupant thereof to use them for the sale of intoxicating liquors. The word "permit," as here used, means that the unlawful use is allowed to continue after knowledge or notice thereof. It does not mean that the nuisance exists, but that it exists with the consent or acquiescence of the owner. There is no allegation in the answer that Armstrong was the owner of the real estate, nor that the then owner knowingly permitted the maintenance of a nuisance. These are necessary facts to be shown before there is a lien and before it can be enforced. Stuart v. State (Tex. Cr. App.) 60 S. W. 554; Gray v. Stienes, 69 Iowa, 124, 28 N. W. 475; State v. Pierce (Me.) 15 Atl. 68; Chicago v. Stearns, 105 Ill. 554; Wilson v. State (Ind. App.) 46 N. E. 1050; Territory v. Stone, 2 Dak. 155, 4 'N. W. 697. For the reasons stated, the court had no jurisdiction to adjudge that the fine and costs be a lien upon the premises as against the plaintiff or the owner, and its action in the premises was a nullity. As the answer fails to show that there was a lien on the premises, the question argued that the defendant was subrogated to the state's rights to the lien is disposed of. The allegation that Armstrong was in possession of the premises is not equivalent to an allegation of his ownership.

It was error, however, to enter judgment in favor of the plaintiff. The answer denied the plaintiff's title to the lot. There is no proof in the record on the question of ownership or title. Before the plaintiff becomes entitled to have an adverse title quieted, he must first show that he is entitled to maintain the action. He must have an interest of some kind, by lien or otherwise, in the real estate to which adverse claims are made. Section 5904, c. 5, p. 9, Laws 1901. Unless he has some interest or estate therein, the defendant is not compelled to set forth his claims. Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227. By the weight of authority, and we think by the better reasoning, which is more in consonance with the general rules of pleading, it is held that a denial of plaintiff's title or right to maintain this kind of an action precludes an entry of judgment on motion, although the defendant's adverse claim fails. See cases cited in volume 17, Am. & Eng. Enc. Law (2d Ed.) pp. 350, 362. The motion for judgment on the plead-

ings was submitted to the court under a stipulation by the attorneys in open court. This stipulation provided that, if plaintiff's motion was denied, judgment should be entered for the defendant for the relief therein prayed for, and, if the motion was granted. that the answer was not to be amended and the judgment should be final so far as the defendant was concerned, subject to the right of appeal. It further provided that the motion should be heard subject to the rules of law applicable to motions for judgment on the pleadings. Because of the latter stipulation, judgment cannot be entered for the plaintiff. There is no admission on defendant's part that the allegations of the complaint are true. It is only stipulated that the court may enter a final judgment in plaintiff's favor if the rules of law applicable to motions for judgment on the pleadings will warrant it. As the judgment is reversed on a point not connected with the facts alleged as a defense, no costs will be allowed on the appeal.

The judgment is reversed, and the cause remanded for further proceedings. All concur.