## G. C. HEBDEN v. MATJ. BINA.

Opinion filed April 3, 1908.

**Quieting Title — Adverse Claims — Plaintiff Must Establish Title as Alleged.**

1. In an action to determine adverse claims to real property, it is incumbent upon plaintiff to establish his title to the property as alleged by him. This the plaintiff failed to do, and the action was therefore properly dismissed.

**Mortgages — Foreclosure by Advertisement — Title of Person Foreclosing.**

2. A foreclosure by advertisement of a mortgage on real property is of no validity where the person in whose name the same is foreclosed has not the legal title to the mortgage at the date of such foreclosure.

**Same — Sufficient Description of Mortgage Assigned.**

3. An assignment of a real estate mortgage, which merely describes the instrument as "the mortgage executed by Matj Bina and his wife to the Bank of Minot, and recorded in Book F of Mortgages on pages 556-558 in the office of the register of deeds of the county of Walsh," is too indefinite in description to vest in the assignee the legal title so as to authorize such assignee to foreclose by advertisement a mortgage executed by B. alone to such bank, and which was recorded in Book 15 of mortgages. Especially is this true when the proof shows that two mortgages were executed by B. to said bank on the same day and both were recorded in Book 15 of Mortgages, and the proof fails to show that there was no mortgage corresponding to the description contained in such assignment.

**Quieting Title — Evidence — Possession a Proof of Title.**

4. Evidence examined, and *held* insufficient to show possession of the real property in plaintiff prior to the commencement of the action, and hence the prima facie presumption of title resulting from possession does not apply in plaintiff's behalf.

**Landlord and Tenant — Denial of Landlord's Title — Estoppel.**

5. The doctrine of estoppel cannot be invoked to prevent defendant from questioning plaintiff's title, first, because the evidence fails to show that defendant was plaintiff's tenant of the land; and, second, even if such tenancy existed, defendant would not be thus estopped in an action like this, where plaintiff claims title in fee.

Appeal from District Court, Walsh county; *Kneeshaw, J.*

Action by G. C. Hebden against Matj. Bina. Judgment for defendant, and plaintiff appeals.

Affirmed.

*Scott Rex,* for appellant.

An assignment is sufficient that charges persons with knowledge that the mortgage is assigned. Viele v. Judson, 82 N. Y. 32.

Government receiver's receipt vests beneficial interest. Bowne v. Walcott, 1 N. D. 415, 48 N. W. 336.

Law presumes legal title from possession. 28 Am. & Eng. Enc. Law, 233; Herrick v. Churchill, 29 N. W. 129; Dever v. Cornwell, 10 N. D. 123, 86 N. W. 227; Stuart v. Lowry, 51 N. W. 662; Hannah v. Chase. 4 N. D. 351, 61 N. W. 18.

Principal's interest in contract of agent may be shown by parol testimony. Jones Ev., section 457; Northern Bank v. Lewis, 47 N. W. 834; Gilmore v. Roberts, 48 N. W. 522; 21 Am. & Eng. Enc. Law, 1087; 1 Am. & Eng. Enc. Law, 1054; 4 Am. & Eng. Enc. Law, 197; Dickinson v. Burke, 8 N. D. 118, 77 N. W. 279.

Tenant cannot deny landlord's title. Rev. Codes 1905, section 7316, subdivision 4.

In statutory action to determine adverse claims a general denial raises no issue. Shattuck v. Smith, 6 N. D. 56, 69 N. W. 5; Donohue v. Ladd, 17 N. W. 381; Wall v. Magnes, 30 Pac. 56; Weston v. Estey, 45 Pac. 367.

*Frich & Kelly,* and *Bangs, Cooley & Hamilton,* for respondent.

A person to foreclose by advertisement must be owner and holder of the record title, and the notice must be signed by him. Morris v. McKnight, 1 N. D. 266, 47 N. W. 375; Backus v. Burke; 51 N. W. 284; Lowry v. Mayo, 43 N. W. 78; Burke v. Backus, 53 N. W. 458; Dunning v. McDonald, 55 N. W. 864; Clarke v. Mitchell, 84 N. W. 327; Thorpe v. Merrill, 21 Minn. 336; Ross v. Worthington, 11 Minn. 323; Johnson v. Sandhoff, 14 N. W. 889; Martin v. Bovey, 16 N. W. 449; Van Meter v. Knight, 20 N. W. 142; Benson v. Markoe, 42 N. W. 787; Hickey v. Richards, 20 N. W. 428; Langmaack v. Keith, 103 N. W. 210.

Addition of "agent" after signature is *descriptio personae.* Bingham v. Stewart, 13 Minn. 96; Pratt v. Beoupre, 13 Minn. 177; Deering v. Thom, 12 N. W. 350.

In actions to determine adverse claims, general denial puts in issue a fact necessary to plaintiff's recovery. Pennie v. Hildreth,

22 Pac. 398; Adams v. Crawford, 48 Pac. 488; United Land Ass'n. v. Pacific Imp. Co., 69 Pac. 1064; Donohue v. Stearns, 17 N. W. 381; Wheeler v. Winnebago Paper Mills, 64 N. W. 920; Perkins v. Morse, 30 Minn. 11; Herick v. Churchill, 29 N. W. 129; Jellison v. Halloran, 42 N. W. 392.

Plaintiff must recover upon title pleaded. McClory v. Ricks, 11 N. D. 38, 88 N. W. 1043; Dever v. Conwell, 10 N. D. 123, 86 N. W. 227; Deering v. Merrill, 49 N. W. 693; Stuart v. Lowry, 51 N. W. 662; McArthur v. Clark, 90 N. W. 369.

Entryman on government land before issuance of patent has an equitable title only. Bowne v. Wolcott, 1 N. D. 415, 48 N. W. 336; Von Toneren v. Hefferman, 5 Dak. 180, 38 N. W. 52; Gould v. Tucker, 100 N. W. 427; Gould v. Tucker, 105 N. W. 624; Tegarden v. LaMarchel, 129 Fed. 487; Peyton v. Desmond, 129 Fed. 1; Healy v. Forman, 105 N. W. 233.

FISK, J. This is the statutory action to determine adverse claims to real property. The complaint is in the usual form, alleging plaintiff's ownership in fee of the property in question, and that defendant claims a certain estate or interest therein adversely to plaintiff, and containing the usual prayer for relief. The defendant, Bina, answered, denying plaintiff's title, but admitting that he claims an estate or interest in the property as alleged, without setting out the nature or source of such adverse interest, and he prayed merely for a dismissal of the action with costs. For the purpose of proving title plaintiff introduced in evidence the record of a receiver's receipt, issued for the property by the United States to defendant, dated August 27, 1890; also the record of a mortgage from defendant, Bina, to the Bank of Minot, dated September 4, 1890; also the record of a mortgage from defendant, Bina, to the Bank of Minot, dated September 4, 1890, as recorded in Book 15 of Mortgagees, at page 556, together with the record of an assignment by the Bank of Minot to one Nelson of a mortgage claimed to be the mortgage aforesaid, but which describes the same as "the mortgage executed by Matj Bina and his wife to the said Bank of Minot, and recorded in Book F of Mortgages on pages 556-558 in the office of the register of deeds of the county of Walsh, state of North Dakota." Then followed record proof of foreclosure proceedings by advertisement of the mortgage aforesaid, culminating in the issuance to said Nelson of a sheriff's deed; also the

record proof of a warranty deed of the pemises from Nelson to plaintiff. No question is raised as to the regularity of such foreclosure proceedings, provided the assignment of the mortgage to Nelson was sufficient to authorize him to foreclose such mortgage by advertisement; it being respondent's contention that such assignment was insufficient for this purpose, and hence that the foreclosure proceedings are void. It is appellant's contention that such proof was sufficient to show title in him as alleged, but, even if this is not true, that he sufficiently proved title by showing possession of the premises from which possession his title is presumed, and also that defendant is estopped to assert title as against him on account of the contract relations between them of landlord and tenant arising through certain written leases offered in evidence. Appellant also contends that defendant's answer is insufficient to raise any issue, because it fails to set forth defendant's adverse claim to the property, and contains merely a denial of plaintiff's title. The trial court held plaintiff's proof insufficient to show title as alleged, and entered judgment dismissing the action without prejudice, from which judgment this appeal is prosecuted.

These questions will be disposed of in the order presented in appellant's brief. Was plaintiff's proof of title, based upon the foreclosure proceedings, sufficient? In answering this question we shall assume (without deciding) that if the plaintiff, through the warranty deed from Nelson to him and the foreclosure proceedings under the mortgage, acquired all of defendant's interest in the property under the receiver's receipt, he is entitled to maintain this action. We are therefore required to determine, first, whether the assignment of the mortgage to Nelson conferred upon him the legal title to the mortgage, so as to authorize him to foreclose the same by advertisement; second, if this is answered in the negative, then whether there is any other sufficient proof of plaintiff's title; third, whether defendant is estopped by reason of the leases which were introduced in evidence from questioning plaintiff's title; and, lastly, whether the defendant's answer, which embraces merely a denial, is sufficient to raise an issue as to plaintiff's title. We are agreed that each of these questions must be answered in respondent's favor, and we will briefly give our reasons for so holding.

1. The assignment of the mortgage was insufficient to authorize Nelson, the assignee, to foreclose by advertisement, for the reason

that such assignment did not operate to vest in such assignee the legal title to the mortgage. ˙ The assignment did not describe the mortgage with sufficient definiteness. It described it as a mortgage executed and delivered by Matj Bina and wife, and recorded in Book F of Mortgages, while the mortgage foreclosed was executed and delivered by Matj Bina, and was recorded in Book 15 of Mortgages. The proof shows that there were two mortgages executed and delivered by Bina to the Bank of Minot and recorded in Book 15. If we assume, as contended by appellant, that the intention was to assign the mortgage which was foreclosed, and which was a mortgage executed by Matj Bina alone, and which was recorded in Book 15, instead of Book F, we are confronted with the fact that the record of such assignment fails to impart such information to the public. From an inspection of the record of such assignment it is impossible to say with any degree of certainty that the mortgage assigned was intended to be the same mortgage which was foreclosed. Our statute (section 7457, Rev. Codes 1905) provides: "To entitle a party to make such foreclosure [by advertisement] it shall be requisite: * * * Subd. 3. That the mortgage containing such power of sale has been duly recorded, and if it shall have been assigned, that all the assignments thereof have been duly recorded." A similar statutory provision is in force in our sister states of Minnesota and South Dakota, and these statutes have been repeatedly construed, both in this state and in the state aforesaid, to mean that before a person can foreclose a mortgage by advertisement he must be the owner and holder of the record title of the mortgage. Morris v. McKnight, 1 N. D. 266, 47 N. W. 375; Brown v. Comonow (N. D.) 114 N. W. 728; Backus v. Burke, 48 Minn. 260, 51 N. W. 284; Lowry v. Mayo, 41 Minn. 388, 43 N. W. 78; Burke v. Backus, 51 Minn. 174, 53 N. W. 458; Dunning v. McDonald, 54 Minn. 1, 55 N. W. 864; Clarke v. Mitchell, 81 Minn. 438, 84 N. W. 327; Thorpe v. Merrill, 21 Minn. 336; Ross v. Worthington, 11 Minn. 438 (Gil. 323), 83 Am. Dec. 95; Johnson v. Sandhoff, 30 Minn. 197, 14 N. W. 889; Martin v. Baldwin, 30 Minn. 537, 16 N. W. 449; Van Meter v. Knight, 32 Minn. 205, 20 N. W. 142; Benson v. Markoe, 41 Minn. 112, 42 N. W. 787; Hickey v. Richards, 3 Dak. 345, 20 N. W. 428; Langmaack v. Keith, 19 S. D. 351, 103 N. W. 210. In Morris v. McKnight, supra, it was said: "From the adjudicated cases and the wording of the statute we conclude that, when a

party seeks to foreclose his mortgage in this state by advertisement,. claiming such right as assignee, the record must show complete legal title to such mortgage in such assignee. Otherwise such fore-closure will be a nullity." And quoting with approval from a Min-nesota case the court further said: "The statute authorizing this. method of foreclosure evidently designs that there shall be of rec-ord a legal mortgage, and that the record shall be so complete as, to satisfactorily show the right of the mortgagee or his assignee to invoke its aid." In Morrison v. Mendenhall, 18 Minn. 232 (Gil. 212), it was held, construing a similar statute, that: "The mani-fest purpose of this requirement of the statute was to make the contents of the mortgage, and, as far as the statute goes, to make the title of the mortgage, a matter of record; and, as it was for such purposes, it follows that they must be in writing. A mere equitable or parol assignment would not answer." Appellant's coun-sel says in his brief that Morris v. McKnight, has been expressly departed from in McCardia v. Billings, 10 N. D. 373, 87 N. W. 1008, 88 Am. St. Rep. 729, in so far as it follows the doctrine of the early Minnesota decisions which lay down the rule of strict and literal compliance with the statute in mortgage foreclosures by ad-vertisement. Counsel is in error in assuming that any such rule was announced or followed in the Morris-McKnight case, as an examination of the opinion in that case will disclose. Not having the legal title to the mortgage, Nelson could not foreclose the same by advertisement, and hence the sheriff's deed to him was a. mere nullity, and plaintiff therefore acquired no title through the warranty deed from Nelson. This sufficiently disposes of appellant's. first contention.

But appellant contends that respondent is estopped by his laches from questioning the validity of the foreclosure, and in support of his contention he confidently relies upon the decision of this court in Higbee v. Daeley, 15 N. D. 339, 109 N. W. 318. It was there held that a foreclosure by advertisement, made in the name of the mortgagee by the assignee, whose assignment was unrecorded, is voidable merely, and not a nullity. It was also held under the facts in that case that a party desiring to have such foreclosure adjudged void is guilty of laches if he neglects to assert his rights promptly upon discovering the facts, and for such reason is estopped from asserting title as against third persons, who, in good faith, have purchased what upon its face appeared to be a perfectly good title to

the land, and who, in reliance thereon, have gone into possession and made valuable improvements thereon. The facts in the case at bar widely differ from those in the case last referred to. In the case at bar the record upon its face discloses an irregular or void foreclosure. In other words, it discloses a foreclosure in the name of one Nelson, and it fails to disclose any ownership in him of the mortgage foreclosed. The plaintiff is in a court of equity, asking affirmative relief, based upon an alleged title acquired through such foreclosure proceedings, and he cannot be considered a good faith purchaser, as he took his deed necessarily with full knowledge of such irregular foreclosure as disclosed by the public records. On the other hand, in Higbee v. Daeley, the defendant was the person asserting title under the foreclosure which, as before stated, was in all things regular upon its face. He had a right to invoke the doctrine of estoppel as a defense, while in the case at bar the plaintiff, who is required to establish a legal title, is seeking to do so by urging defendant's laches in failing to affirmatively attack such foreclosure proceedings. Defendant was not obliged to act in order to protect his rights, but could wait, as he in fact did, until his title was attacked by plaintiff.

It is next contended that plaintiff proved possession of the land prior to the commencement of the action, and that this was sufficient proof of title, for the reason that the law presumes title from possession, in the absence of other proof. The difficulty in the way of giving force to this contention is the fact that plaintiff wholly failed to show such possession. Plaintiff sought to show such possession by the introduction in evidence of certain written leases of the premises signed by the defendant, being three in number, covering the period from November 1, 1898, to September 1, 1903. The first two relate to the time prior to October 18, 1902. These were objected to upon the ground that no proper foundation for their introduction had been laid by proof of their execution. We think this objection was well taken, and hence they cannot be considered. The third lease upon its face recites that it was made by Bina as party of the first part and one "Thomas J. Baird, owner of the real estate" described, as party of the second part, and it was signed by said persons individually. Plaintiff offered certain testimony tending to show, however, that Baird was acting as plaintiff's agent in making these leases, but he failed in proving such fact by competent testimony. Plaintiff's only proof of such fact consists of

—16—

the testimony of the witness Frazer, as follows: "Q. Mr. Frazer, I notice that in Exhibit B Mr. Baird, the lessor, is named as agent, and that he appears as lessor in Exhibits A and C. State whether or not, so far as you know, Mr. Baird was acting in this matter as representing Mr. Hebden, the plaintiff in this suit." This question was objected to as "immaterial, irrelevant, calling for a conclusion of the witness," and upon other grounds, after which the witness answered: "He was acting as representing Mr. Hebden." This testimony falls far short of proving such fact. There was no proof that the witness possessed any personal knowledge regarding the fact sought to be established, and the question did not call for an answer based upon any such knowledge. All this testimony amounted to, at the most, was to show that the witness had no knowledge that Baird was acting for any one other than Hebden in signing the leases. It did not amount to a statement that he was, as a matter of fact, acting for Hebden. We conclude, therefore, that plaintiff wholly failed in any respect to prove title to the property as alleged.

Appellant's third contention to the effect that defendant is estopped to question plaintiff's title is based upon the theory that the relation of landlord and tenant existed between the parties through the leases aforesaid. This contention is sufficiently answered by what we have just stated regarding plaintiff's failure to prove any such relation. The proof, at the most, discloses that Bina was the tenant of Baird, and not Hebden. But, conceding that appellant succeeded in establishing that defendant was holding merely as his tenant, it is well settled that a tenant is not estopped to deny his landlord's title in an action such as this, but he is thus estopped merely in actions arising out of the relation of landlord and tenant. 18 Am. & Eng. Enc. Law, 419-421; 24 Cyc. 942, and cases cited; Jochem v. Tibbells, 50 Mich. 33, 14 N. W. 690; Shaw v. Hill, 83 Mich. 322, 47 N. W. 247. 21 Am. St. Rep. 607; Kuefel v. Daly, 91 Ill. App. 321; Young v. Severy, 5 Okl. 630, 49 Pac. 1024; McKie v. Anderson, 78 Tex. 207, 14 S. W. 576; Van Winkle v. Hinckle, 21 Cal. 342; Franklin v. Merida, 35 Cal. 558, 95 Am. Dec. 129.

Lastly it is contended by appellant's counsel that defendant's answer, which in effect contains a bare denial of plaintiff's alleged title, is insufficient to raise an issue, and therefore the trial court erred in denying his motion to strike the same out. This contention

is based upon the language of section 7526, Rev. Codes 1905, as follows: "In an action to determine adverse claims a defendant in his answer may deny that the plaintiff has the estate, interest, lien or incumbrance alleged in the complaint, coupled with allegations setting forth fully and particularly the origin, nature and extent of his own claim to the property; * * * or he may likewise set forth his right in the property as a counterclaim," etc. We are clear that this contention is erroneous. It is an unwarranted construction of this statute to say that the legislature intended thereby to resrict defendant's answer in such cases to such denials only as are coupled with allegations setting forth the origin, nature and extent of his own claim to the property. This court in Larson v. Christianson, 14 N. D. 476, 106 N. W. 51, in effect held contrary to such contention, and we think the clear weight of authority is in accordance with the rule there announced. See Pennie v. Hildreth, 81 Cal. 127, 22 Pac. 398; Adams v. Crawford, 116 Cal. 495, 48 Pac. 488; United Land Ass'n v. Improvement Co., 139 Cal. 374, 69 Pac. 1064, 72 Pac. 988; Reed v. Murry, 95 Cal. 48, 24 Pac. 841, 30 Pac. 132; Wheeler v. Paper Mills, 62 Minn. 429, 64 N. W. 920.

It follows from the views herein expressed that the judgment appealed from was correct, and must therefore be affirmed, and it is so ordered. All concur.