CASE 76.—ACTION BY E. B. WOOD AGAINST C. F. GARRI-
SON ON A CONTRACT AS LANDLORD AND TEN·
ANT.—May 9, 1901.

## Wood v. Garrison.

Appeal from Fayette Circuit Court.

Judgment for plaintiff and defendant appeals—
Reversed.

Landlord and Tenant—Cropper—Forcible Detainer.—A contract
by A., the owner of land, to employ B. to cultivate a crop of
tobacco, A. furnishing the land, barn room, tenant house,
yard and garden, and to pasture a horse for B., and the
crop to be sold by A. and one-half the proceeds to be paid
to B., does not create the relation of landlord and tenant,
but that of a "cropper." If the cropper abandons his work,
the land owner may take possession of the crop, and under
section 2327, Kentucky Statutes, he may also recover pos·
session of the premises by a writ of forcible detainer.

GEORGE C. WEBB for appellant.

W. G. WIGGLESWORTH for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Revers-
ing.

Appellant as landlord contracted with appellee as
tenant for the cultivation of about 12 acres of land
in tobacco in Fayette county for the year 1899. By
the terms of the contract the landlord was to fur-
nish the land, the barn room, also to furnish a tene-
ment house, yard and garden attached, to be occupied
by the tenant and was to pasture a horse for the
tenant. The tenant was to do all the work necessary
to plant, raise and prepare the tobacco for marketing

and when ready for sale the landlord was to ship it, sell it, and pay one half of the proceeds to the tenant.

Under this contract the tenant took possession of the tenement house, yard, etc., and planted out some tobacco beds and plowed a portion of the tobacco land. Then the tenant abandoned the work, refusing to complete it. The landlord took charge of the tobacco land and instituted a forcible detainer proceeding against the tenant to recover the house. Judgment was rendered for the landlord by the Magistrate, which was traversed by the tenant, and on the trial in the Circuit Court, upon the above facts appearing, a peremptory instruction was given and judgment rendered for the tenant. The landlord appeals.

The question presented is: Was appellee a tenant by the contract in which it was stipulated that he was to labor for the landlord and having begun without good cause fails to comply with his contract? Or, was he a tenant under a contract within the meaning of section 2325 of Ky. Statutes, which is as follows:

"Contracts by which the landlord is to receive a portion of the crop planted, or to be planted, as compensation for the use or rent of the land, shall vest in him the right to such a portion of the crop when planted as he has contracted for, though the crop may be planted or raised by a person other than the one contracted with; and so if the land be planted in a different kind of crop than the one contracted for, and for the taking of or injury to any of the crops aforesaid, the landlord may recover damages against the wrong-doer. The landlord may also have an injunction against any person to prevent the taking or injury of his portion of the crops aforesaid; but nothing contained in this section shall

bar the landlord of his right to such damages against the person contracted with as he may sustain by reason of the land being planted, without his assent, in a crop other than that contrated for, or not planted at all, nor for failure to cultivate the crop in proper manner. This section shall include a purchaser, without notice, of a growing crop of crops remaining on the premises, though severed from the land; but it shall not apply to a purchaser, in good faith, without notice, of a crop, after it has been removed for the space of twenty days from the rented premises on which it was planted."

Section 2327 of our Statute is as follows:

"When a tenant enters or holds premises by virtue of a contract, in which it is stipulated that he is to labor for his landlord and he fails to begin such labor, or if, having begun, without good cause fails to comply with his contract, his right to the premises shall at once cease, and he shall abandon them without demand or notice."

In our opinion both these sections of the Statute were enacted for the protection of landlords; other sections were provided to protect the rights of the tenants. These two sections may be applied to two or more distinct classes of contract or may apply to the same class. Where the landlord rents the premises to the tenant to be cultivated in designated crops and where the landlord is to receive portions of the crop, and where the custody and control of the premises are vested completely in the tenant for a specific term, it is then that section 2325 only would apply. But where the tenant is to furnish labor and the landlord everything else, and the tenant to receive either so much in money or a given proportion of the crops raised as pay for his work, then the tenant

and his contract come within section 2327 quoted above. He is what is sometimes called a "cropper," a term applied to a person hired by the land owner to cultivate the land, receiving for his compensation a portion of the crops raised. (Steel v. Frick, 56 Pa. St. 172; Adams v. McKesson, 91 Am. Dec. 183; Fry v. Jones, 2 Rawle, 12.) In Woodfall's Landlord and Tenant, page 125, it is stated:

"It is everywhere admitted (See cases previously cited), that under a pure or unqualified cropping contract the entire legal ownership of the crop is in the owner of the land until division."

As said by Rodman, J., in Harrison v. Ricks, 71 N. C. 7, 11, "a cropper has no estate in the land; that remains in the landlord; consequently, although he has in some sense the possession of the crop, it is only the possession of a servant, and is in law that of the landlord; the landlord must divide to the cropper his share. In short he is a laborer receiving pay in a share of the crop."

Under the facts of this case as stated above appellee appears to come within the definition of the term "cropper," which is a tendency contemplated and included in section 2327. If such a tenant fails to begin the labor contracted to be done by him, or having begun, without good cause fails to continue it, the landlord may maintain forcible detainer and dispossess him; and he might also be entitled to such of the remedies provided in section 2325, as were applicable to the state of case.

Wherefore the judgment is reversed and cause remanded with directions to set aside the judgment and to grant the appellant a new trial under proceedings consistent herewith.

The whole court sitting.

CHIEF JUSTICE PAYNTER AND JUDGE GUFFY—Dissenting.