# ENOCH MOWER v. CHARLES RASMUSSON.

### (158 N. W. 261.)

**Lease — conditions — tenant — growing timber — not to cut — provision — material — violation — ground for cancelation.**

1. A condition in a lease which provides that the tenant shall not cut growing timber is a material provision, and a violation thereof may be made a ground for the cancelation of such lease and a demand for the surrender of the premises.

The term "lease" — imports a contract — possession — lands — chattels.

2. The term "lease" imports a contract by which one person devests himself of, and another person takes possession of, lands or chattels for a term.

Contract — parties — designation of — owner of land — provisions as to working land — lease — violation of terms — cancelation — forcible entry and detainer — action in — justice's court.

3. A contract which designates the party of the second part as owner of a certain farm, and provides that the party of the first part shall have the use and occupancy thereof for a certain term and shall have the right to pasture a horse and cow thereon, and shall sow and plant the land in such crops as the owner may direct and furnish all labor and machinery necessary thereto, though the owner is to furnish the seed, and which further provides that the title to the said crops shall remain in the owner of the land until the division thereof, and that, upon the faithful performance of the covenants and agreements of the party of the first part, the owner will give and deliver to him upon said premises one half of the grain raised and pay one half of the thresh bill, is, as to the land and buildings, a lease, and a violation of the terms thereof, which is therein made a ground for a cancelation thereof, will after such cancelation, justify an action in forcible entry and detainer in a justice's court for the possession of said land and buildings under the provisions of ¶ 4 of § 9069 of the Compiled Laws of 1913.

Lessee — denying owner's title — estoppel.

4. A lessee is estopped from denying the title of his lessor.

Opinion filed May 20, 1916.

Appeal from the District Court of McHenry County; *A. G. Burr*, J.

Action in forcible entry and detainer in justice's court under the provisions of § 9069, Compiled Laws of 1913. Judgment for defendant. Plaintiff appeals.

Reversed.

*Albert Weber,* for appellant.

"A contract must be interpreted so as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Comp. Laws 1913, § 5896; Young v. Metcalf Land Co. 18 N. D. 441, 122 N. W. 1101; Harney v. Wirtz, 30 N. D. 292, 152 N. W. 803.

No particular words are necessary to create a lease, and whatever is sufficient to explain the intent of the parties that one shall devest him-

self of the possession, and the other come into possession, for a determinate time, amounts to a lease.  See 24 Cyc. 894, 896.

Possessory actions, as between landlord and tenant, are, as a rule, within the jurisdiction of a justice of the peace, and, in this case, an action in forcible entry and detainer lies.  See 24 Cyc. 454, 1399, 1401; Murry v. Burris, 6 Dak. 170, 42 N. W. 25; McDonald v. Stiles, 7 Okla. 327, 54 Pac. 487; McLain v. Nurnberg, 16 N. D. 144, 112 N. W. 243; Wood v. Garrison, 139 Ky. 603, 62 S. W. 728; Jones v. Durrer, 96 Cal. 95, 30 Pac. 1027.

   *D. J. O'Connell,* for respondent.

In ascertaining the nature of a written instrument, and its meaning, the writing itself must control.  McNeal v. Rider, 79 Minn. 153, 79 Am. St. Rep. 441, 81 N. W. 830; Strangeway v. Eisenman, 68 Minn. 395, 71 N. W. 617; Bowers v. Graves & V. Co. 8 S. D. 385, 66 N. W. 931.

The respondent here was only a "cropper," and there was no relation of landlord and tenant.  In case of a "cropper" the landowner has title to the crops until division, where a "tenant" has the right of property and makes the division between himself and landlord.  Taylor v. Donahoe, 125 Wis. 513, 103 N. W. 1099; Kelly v. Rummerfield, 117 Wis. 620, 98 Am. St. Rep. 951, 94 N. W. 649.

If the relation of landlord and tenant did not exist by virtue of the contract, then a breach of its terms would not create such relationships, and warrant an action in entry and detainer.  Bowers v. Graves & V. Co. 8 S. D. 385, 66 N. W. 933.

The relation of master and servant only existed here.  Taylor v. Donahoe, supra; Strain v. Gardner, 61 Wis. 174, 21 N. W. 35; Kelly v. Rummerfield, 98 Am. St. Rep. 951, and notes; Taylor v. Bradley, 39 N. Y. 129, 100 Am. Dec. 415.

A "cropper" is not a tenant, and the laws regulating the relation of landlord and tenant are not applicable to the relationship between landowner and cropper.  Cedarberg v. Guernsey, 12 S. D. 77, 80 N. W. 159.

Bruce, J.  Although this appeal is from a judgment of the district court of Towner county, it really involves the correctness of the ruling of the justice court in overruling a demurrer to the complaint.  The

action was one in forcible entry and detainer for the immediate possession of real property, and damages for the detention thereof, and was brought under § 9069 of the Compiled Laws of 1913. The sole questions involved are whether the contract under which the defendant held the land was a lease, and such a one as would support an action of forcible entry and detainer, and if so, whether the acts of the defendant complained of constituted grounds for a forfeiture of the same and a recovery of the possession. These acts were the violation of the terms of the contract by "cutting down growing timber, and, instead of using the manure to fertilize the soil, wilfully throwing the same into a river which ran through the premises, and polluting the same, and allowing the buildings to become out of repair."

The contract or lease which was involved provided, among other things, that the defendant should till the farm in a good and husband-like manner; that the defendant should have the use and occupancy of the premises except one room, which the plaintiff reserved to himself for storage purposes; that the plaintiff should have the right to turn a horse and cow into the pasture during the summer time; that the defendant would commit no waste upon such premises, and that he would properly care for and keep all buildings, fences, timber, and shrubbery upon said land, and would not remove any of the straw and manure from said farm, but use the same to the best advantage in fertilizing the land; that the defendant should have the right to use all down dead wood, but not to cut down any of the standing timber.

In addition to this the contract or lease provided that the defendant would sow and plant the land in such crops as the plaintiff might direct; that the plaintiff was to furnish all seed necessary to sow and plant said land, though the defendant was to clean the same; that the defendant should furnish, at his own cost and expense, all proper and convenient tools, teams, farm implements, and machinery, and labor to cultivate said farm, and should furnish and provide all proper assistance and hired help in and about the cultivation and management of the same. It further provided that until the division the title of the crops should remain in the owner of the land, but that upon the prompt and faithful performance of all the foregoing agreements and conditions by the defendant, the plaintiff should give and deliver upon said premises one-half of the grain raised thereon, the plaintiff to take his half of said

crops at the machine and to pay one half of the thresh bill; the defendant to furnish all fence posts standing in the timber, and the wire necessary to keep up and maintain the fences upon said premises, and to do the work; that the defendant was to have the 1913 crop of hay grown on said lands at $1.75 per ton, and the plaintiff the 1916 crop unless the defendant should rerent the premises.

The contract also proided that upon the breach of any of the terms of the contract, the plaintiff might enter upon said premises and take full and absolute possession of the same.

The defendant and respondent denies in his brief that the acts complained of, namely, the cutting of the timber and the throwing of the manure into the river, and the allowing of the buildings to become out of repair, justify the re-entry or demand of possession by the plaintiff. This point does not appear to be seriously argued. At any rate there is no merit in it. The cutting of standing timber in North Dakota at any rate, to say nothing of the wasting of the manure or the neglect of the buildings, is surely the breach of a material part of a contract, and will certainly justify a cancelation of a lease and a demand for the return of the premises. See Wood v. Garrison, 139 Ky. 603, 62 S. W. 728; Jones v. Durrer, 96 Cal. 95, 30 Pac. 1027.

Counsel for respondent and defendant, however, argues that even if this be so, the contract was not a lease, and that the action of forcible entry and detainer would, therefore, not lie, and the justice of the peace had no jurisdiction.

He is no doubt correct in his contention that unless force, fraud, intimidation, or stealth has been shown in the act of acquiring the original possession, or the use of force in the keeping of it after possession has been peaceably obtained, or the holding is in defiance of the right of a purchaser under a mortgage or judicial sale, the action of forcible entry and detainer will not lie in a justice's court, except in the case of a lease, under the clause of § 9069 of the Compiled Laws of 1913, which authorizes it "when a lessee in person or by subtenant holds over after the termination of his lease or the expiration of his term, or fails to pay his rent for three days after the same shall be due." He is in error, we believe, however, when he contends that the relationship of the parties, in so far as the land was concerned, was not that of landlord and tenant, and that the contract was not a lease.

Counsel confuses the interest in the crops with the interest in the land, and it is not necessary for us to pass upon the former question. No matter what may have been the interest of the parties in these crops, and even though as to them the defendant may have been a mere cropper, a tenant in common, or a party in a joint adventure, and on this point we express no opinion, as to the land and buildings he was a tenant. "He took under a contract for a year or more. He occupied the house He had an interest or estate in the land. He paid the rent in grain. He might bring his own cattle on the premises and derive exclusive benefit therefrom." Jackson ex dem. Colden v. Brownwell, 1 Johns. 267; Strain v. Gardner, 61 Wis. 174, 21 N. W. 35.

These facts would, under the authorities and in all reason and logic, make him a lessee as to the land and the buildings, and bring him within the provisions of the statute which is before us. "The word 'lease' has a settled technical import. It imports a contract by which one person, either natural or artificial, devests himself or itself of, and another person takes possession of, lands or chattels, for a term." 3 Words & Phrases, 2d series, 54; Moorshead v. United R. Co. 203 Mo. 121, 100 S. W. 611. The contract in question comes within this definition.

We realize that the policy of the law and of our statute is not to allow such complicated and important matters as the title to land to be adjudicated in justice's court. Here, however, the title to land was not involved, but the right to the possession merely. The title in the plaintiff indeed had to be recognized and admitted by the defendant by his mere act of signing the lease and entering into the possession thereunder, and he was thereafter estopped to deny it. Strain v. Gardner, supra; 24 Cyc. 454.

We have carefully read the cases cited by respondent, but, with one exception, none of them involve the right to the possession of land, and merely involve the right to and the interest in the crops grown thereon.

The one case excepted is the case of Strain v. Gardner, supra, which we have just cited. Rather than holding for the defendant, this case holds directly contrary to his contentions.

The judgment of the District Court is reversed, and the cause remanded for further proceedings according to law.