James **DE JARNETTE** and Willie B. DeJarnette, his wife, Plaintiffs,

v.

**TENNESSEE GAS TRANSMISSION COMPANY et al., Defendants.**

No. 185.

United States District Court
E. D. Kentucky at Richmond.

July 3, 1958.

Shackelford & Burnam, James E. Thompson, Richmond, Ky., for plaintiffs.

Hazelrigg & Cox, Frankfort, Ky., Chenault & Coy, George T. Ross, Salem Moody, Richmond, Ky., for defendants.

HIRAM CHURCH FORD, Chief Judge.

This case is submitted upon the defendants' Motion to Dismiss the action "for failure to join an indispensable party, to-wit: One Sam Rose"; or, in the alternative "to dismiss the action for failure to join a necessary party, to-wit: Sam Rose"; or, as a further alternative, "for an order requiring Plaintiffs to join Sam Rose as a party to this action".

With these motions and in support thereof, defendants filed an affidavit of Mr. Hugh Miller, Land Agent for the defendants Tennessee Gas Transmission Company setting out the facts upon which defendants rely in support of their motions.

By this action, the plaintiffs James DeJarnette and Willie B. DeJarnette, his wife, owners in fee simple of a farm of about 154 acres located in Madison County, Kentucky, seek to recover damages from defendant Tennessee Gas Transmission Company, its independent contractors and employees, alleged to

have been sustained by the plaintiffs by reason of unlawful invasion of their property by defendants with heavy equipment, by which defendants removed valuable top soil, blasted and dug ditches in which they placed a large pipeline across the entire length of the property, cast rock and debris upon the land, disrupted the flow of streams and damaged and destroyed improvements, fences, fixtures and crops for which plaintiffs seek compensatory damages in the sum of $46,350 and punitive damages in the sum of $25,000.

The action was instituted in the Circuit Court of Madison County, Kentucky, and, upon petition of the defendants, it was removed to this court on the ground of diversity of citizenship and requisite amount in controversy, 28 U.S.C.A. §§ 1332, 1441.

The only material facts presented in support of defendants' motions are set out in the affidavit of defendant Tennessee Gas Transmission Company's agent, Hugh Miller, as follows:

"4. During the construction of the pipeline in the Summer of 1957 some of the contractors of Tennessee Gas Transmission Company destroyed approximately two acres of corn on the farm of James DeJarnette, and I saw the corn that was destroyed and have personal knowledge of it.

"5. I was on Mr. DeJarnette's farm after the survey was made for the pipeline through Mr. DeJarnette's farm and before the corn was planted, and I talked with Mr. James DeJarnette and Sam Rose together, and Mr. DeJarnette told me in substance that Mr. Sam Rose was going to grow the corn, that he was the tenant and Mr. Rose would have an interest in the corn. Mr. Rose said, yes, he was going to grow the corn, and he would have an interest in it. The corn on the pipeline was planted after the survey was made and before the line was built, and I

have talked with Mr. DeJarnette several times since about the corn, and he told me Mr. Sam Rose had an interest in the corn and owned half of it, and stated further that Sam Rose has the corn rented for two years.

"6. On and about Friday, April 25, 1958 I talked with Sam Rose at the Cornelison Farm Service at Four Mile Avenue in Richmond, Kentucky and Mr. Rose told me half the corn that was destroyed or damaged in building the pipeline was his, and that he wanted $300 for his damage."

It thus appears that, in the construction of the pipeline upon plaintiffs' farm referred to in the Complaint, the defendants destroyed about two acres of growing corn which was planted and raised by Sam Rose as sharecropper or tenant of plaintiffs on account of which Mr. Rose claims damages to the extent of one-half of the loss amounting to only $300.00.

Section 383.120(1) of Kentucky Revised Statutes (formerly § 2325) provides:

"Contracts by which a landlord is to receive a portion of the crop planted or to be planted, as compensation for the use or rent of the land, shall vest in him the right to such a portion of the crop when planted as he has contracted for, though the crop may be planted or raised by a person other than the one contracted with or though a different kind of crop than the one contracted for be planted. *For the taking of or injury to any of such crops, the landlord may recover damages against the wrongdoer.* The landlord may also have an injunction against any person to prevent the taking or injury of his portion of the crops." (Italics added.)

In Wood v. Garrison, 139 Ky. 603, 605–606, 62 S.W. 728, 729, the Court pointed out the type of contract between a landlord and his tenant to which the above

section of the statute would apply; and further said:

"\* \* \* But where the tenant is to furnish labor and the landlord everything else, and the tenant to receive either so much in money or a given proportion of the crops raised as pay for his work, then the tenant and his contract come within section 2327 quoted above. He is what is sometimes called a 'cropper,' a term applied to a person hired by the land owner to cultivate the land, receiving for his compensation a portion of the crops raised. (Steel v. Frick, 56 Pa.St. 172; Adams v. McKesson, [53 Pa. 81], 91 Am.Dec. 183; Fry v. Jones, 2 Rawle, 12). In Woodfall's Landlord and Tenant, page 125, it is stated:

" 'It is everywhere admitted (See cases previously cited), that under a pure or unqualified cropping contract the entire legal ownership of the crop is in the owner of the land until division.'

"As said by Rodman, J., in Harrison v. Ricks, 71 N.C. 7, 11, 'a cropper has no estate in the land; that remains in the landlord; consequently, although he has in some sense the possession of the crop, it is only the possession of a servant, and is in law that of the landlord; the landlord must divide to the cropper his share. In short he is a laborer receiving pay in a share of the crop.' "

▪ Whether the contract under which Sam Rose raised the two acres of corn, referred to in the affidavit of Mr. Miller, was such as to bring it within the provisions of § 383.120 (formerly § 2325) or whether he was a mere "cropper", as described in Wood v. Garrison, supra, seems immaterial since in either situation the tenant's interest in the crop is not a joint interest with that of the landlord and the right of the landlord to recover damages from the wrongdoer "for the taking of or injury to any of such crops" is separate and independent of the interest of the tenant. In view of the law of Kentucky above referred to as to the substantive rights of the parties to a sharecropping contract such as appears from the facts presented in this case, the tenant is neither an indispensable nor necessary party to an action for damage or injury to the crop within the meaning of Rule 19 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Rule 20 deals with permissive joinder of parties whose joinder is not indispensable or necessary under Rule 19; and Rule 21 authorizes the Court to add any party, at any stage of the action, on such terms as are just. Defendants insist that the tenant Sam Rose should be added as a party in this case by order of the Court since he is subject to the jurisdiction of the Court as to both service of process and venue, and, since whatever claim he may have arises out of the same transaction and occurrences set up in plaintiffs' Complaint and such joinder will enable the Court to accord complete relief and obviate the necessity of the defendants having to litigate with Mr. Rose in another action.

Rule 82 of the Federal Rules of Civil Procedure provides: "These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States \* \* \*."

By 28 U.S.C.A. § 1332, the original jurisdiction of this Court in civil actions is limited to cases "where the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs \* \* \*." Since it appears from the affidavit of Mr. Miller that the claim of the tenant Sam Rose is for only $300, to join such a separate and independent claim, which is neither indispensable nor necessary, under Rules 20 or 21 would be to utilize such rules to extend the jurisdiction of the court contrary to Rule 82.

▪ The rule which seems applicable and controlling here is "that where two or more plaintiffs have separate and dis-

tinct demands in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount, * * *." Sturgeon v. Great Lakes Steel Corporation, 6 Cir., 143 F.2d 819, 821.

For the reasons indicated, defendants' motion for an order requiring plaintiffs to "join Sam Rose as party to this action" should be denied. An order will be entered accordingly.