| 91 | 321 |
| 113 | 521 |

## Paul F. Knefel and Rose Knefel v. Thomas Daly.

1. Landlord and Tenant—*Tenants are Not Permitted to Deny their Landlord's Title.*—In an action arising out of the relation of landlord and tenant, the tenant will not be permitted to deny the title of the landlord under whose tenancy he holds.

2. Lease—*Under Seal, Not to be Modified by Parol Agreements.*— A written lease, which is under seal, can not be modified by a parol agreement as to the payment of rent, leaving it unaltered in all other respects.

3. VERDICTS—*Technical Omission of the Letter " s."*—The technical omission of the letter " s," indicating thereby the singular instead of the plural number, can not vitiate the validity of the verdict under the issues submitted in this case.

**Forcible Entry and Detainer.**—Error to the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed October 4, 1900.

DAVID, SMULSKI & McGAFFEY, attorneys for plaintiffs in error.

FRANK P. LEFFINGWELL, attorney for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

Defendant in error recovered a judgment against plaintiffs in error in an action of forcible entry and detainer. Upon the trial below the court peremptorily directed a verdict for the defendant in error, upon which verdict the judgment was rendered. The only questions presented here are as to the evidence warranting this peremptory direction by the trial court, and as to the propriety of an order amending the verdict. The bill of exceptions shows that the verdict found in terms " the defendant guilty," and by the amendment it was made to read " the defendants."

The only defense interposed to the right of defendant in error to recover the possession of the premises was an attempt to dispute the title of the landlord, defendant in error, and also an attempt to establish that there was an oral agreement that no rent should be paid. The evidence presented by plaintiffs in error did not, in our opinion, constitute any defense whatever upon either of these theories of defense.

There was a lease in writing, according to the terms of which rent was to be paid, and which provided, aside from the stipulation as to rent, that at the termination of the tenancy thereby created, defendant in error, the landlord, should be given possession. This suit was begun after the term of the tenancy had expired. The tenancy ended April

30, 1897; the complaint was filed June 9, 1898.  It is a familiar rule that in an action arising from the relation of landlord and tenant, the tenant will not be permitted to dispute the title of the landlord under whose tenancy he holds.  It is contended by counsel for plaintiffs in error that this rule does not apply where the lease is procured by fraud, artifice or mistake, citing Carter v. Marshall, 72 Ill. 609.  There is, however, in the case here, no showing which would warrant a jury in determining that the lease in question was procured by fraud, artifice or mistake.  The most that could be contended under the evidence is that the transaction out of which defendant in error acquired title to the property leased, was merely for the purpose of securing a debt due to defendant in error from one of plaintiffs in error.  But whether it was intended as security only, or not, the terms of the engagement provided that when the tenancy ended, defendant in error should have possession.

The attempt to establish that a parol agreement modified the terms of the written lease, which was under seal, as to the rent payable, leaving the lease unaltered in all other respects, could not in any event avail the plaintiffs in error.  Barnett v. Barnes, 73 Ill. 216; Loach v. Farnum, 90 Ill. 368.

But here the terms of the engagement of the parties provided, aside from all rent provision, that the defendant in error should receive possession at the end of the tenancy.  Hence there can be no question as to the right of defendant in error to recover.

The order amending the verdict was not necessary.  The court peremptorily directed the jury to find the issues for the plaintiff below and against both defendants.  The common law record shows a verdict against both defendants, which sustains the judgment; and the bill of exceptions, from which alone we learn that there was any amendment by the court, discloses that the verdict was in response to a peremptory direction of the court.

As was said by the court in Bacon v. Schepflin, 185 Ill. 122, " The technical omission of the letter ' s,' indicating

thereby the singular instead of the plural number, can not vitiate the validity of the verdict, as the real issue was found in favor of both of the appellees." Here the real issue was determined as matter of law by the court against both plaintiffs in error, and, as we think, correctly, and the informality in the written verdict handed in by the jury in response to the direction of the court should not be permitted to invalidate the judgment and cause a new trial. If the issue of guilty or not guilty as to each plaintiff in error had been submitted to the jury for determination, a very different question would be presented. The judgment is affirmed.