[File No. 5967.]

LINCOLN NATIONAL LIFE INSURANCE COMPANY, a Corporation, Respondent, v. S. H. SAMPSON, Appellant.

(239 N. W. 245.)

612

Opinion filed November 12, 1931.   Rehearing denied December 14, 1931.

*S. E. Ellsworth,* for appellant.

*Knauf & Knauf,* for respondent.

BURR, J. In this action in forcible detainer the defendant claimed title in himself and the justice certified the case to the district court.

The complaint alleges: title in the plaintiff; that it leased the land to the defendant for the farming season of 1930; that the defendant was to surrender possession in case the plaintiff sold the land; that plaintiff sold the land, notifying the defendant of the sale, and gave him thirty days' notice to remove from the premises; that defendant failed and neglected to remove and continues to occupy the premises; and that the plaintiff at termination of defendant's lease, served notice in writing requiring the defendant to vacate within three days after the service of the notice upon him.

The defendant denies plaintiff is the owner of the land. He admits he signed a rental contract but claims "the same was subscribed by him solely without consideration and under mistake and misapprehension on his part induced by plaintiff as to the title and possession of the plaintiff to the land." He denies that he has been given notice to remove and alleges that while in full possession of the land he entered into a contract to purchase the land from the plaintiff on June 25, 1926, that he has remained in possession under the contract ever since and has paid to the plaintiff on the purchase price over $6,000, besides interest and taxes, and that such contract has never been forfeited, or cancelled.

A jury was waived, the court found in favor of the plaintiff, and defendant appeals.

There are six specifications of error, but the appellant confines his argument to two main points: That the plaintiff has not shown any ownership of the land in itself and thus is not the real party in interest; and, that under the so-called lease between the plaintiff and the defendant there is a provision that if the defendant remained in possession of the land after the termination of his lease he was to be considered a tenant at will and that such tenancy has never been terminated.

The contention that plaintiff is not qualified to bring this action is

based upon three propositions; first, that there is no adequate proof showing plaintiff was ever the owner of the land; second, that plaintiff sold the land to the defendant under a contract for a deed, that defendant holds possession under such contract, is still in possession, the contract has never been cancelled, and therefore the defendant is the owner of the land; and third, that prior to the commencement of this action the plaintiff sold the land to a third party and therefore the plaintiff has no right to bring suit, not being the real party in interest.

All the testimony in the case was introduced by the plaintiff. Defendant on cross examination under the statute identified exhibit one, dated March 25, 1930 whereby, as "party of the first part" he contracted with the plaintiff as "party of the second part" for the lease of the premises involved herein under one of the cropping contracts common in this State. The contract contains the following provision in case plaintiff sold the land to another during the life of the lease:

"If sold after the crop is in, then said first party shall have the right to harvest such crop when ready to be harvested as by the terms of this lease. That if said second party sells said premises during the terms of this lease, the purchaser may at any time enter upon the leased premises for the purpose of plowing, breaking more land, summer fallowing, cultivation, or otherwise improving any part of said premises not in actual cultivation by said first party, and without such entry working any forfeiture of the rents herein agreed to be paid. That if said first party remains in possession of such premises after the expiration of the term for which they are hereby leased such possession shall not be construed to be a renewal of this lease but to be a tenancy at the will of the lessor, which may be terminated upon ten days' notice, given by the lessor in writing either delivered to the first party or sent to him in a sealed envelope duly stamped and directed to him as follows:

"S. H. Sampson, at Pingree, North Dakota, which is hereby declared by said first party to be his usual and correct postoffice address."

Defendant testified that in September, 1930, he was ordered to stop plowing and stopped after he got the notice; that he received a letter from the plaintiff stating it enclosed a check for $124 or $125.75, for the plowing he had done, that he was notified plaintiff had sold the land to one Delger; that his lease "was simply for the farming season

1930;" that he still retained possession of the land, refused to vacate and when Delger attempted to move on the land after the first of November he forbade him. He testified partly as follows:

"And you farmed this land under this lease in question in 1930, did you not? Yes."·

"And cropped it? Yes."

And again: "Your lease was simply for the farming season of 1930, wasn't it? Yes."

"You are still in possession? Yes."

"You farmed it under this lease did you not? Yes."

This instrument is the only evidence of title in the plaintiff. Defendant admits that he signed this instrument and leased the land. Such instrument is a lease of farm premises and creates the relationship of landlord and tenant. Minneapolis Iron Store Co. v. Branum, 36 N. D. 355, L.R.A.1917E, 298, 162 N. W. 543; Mower v. Rasmusson, 34 N. D. 233, 158 N. W. 261. Though the defendant says he was in possession of the land when the lease was made, it is clear the contentions of the defendant as to the failure of plaintiff to prove title originally in itself must fail.

It was not necessary for plaintiff to make further proof of title at the time the lease was made. Our statute, § 7935 subd. 4 of the Comp. Laws says "A tenant is not permitted to deny the title of his landlord at the time of the commencement of the relation." See also Mower v. Rasmusson, supra.

By statute this presumption is conclusive; though it is confined to actions arising out of the relation of landlord and tenant. Hebden v. Bina, 17 N. D. 235, 242, 138 Am. St. Rep. 700, 116 N. W. 85. But this case is one that arises out of such relationship.

There is no testimony showing defendant signed the lease under misapprehension; nor any testimony to show that he ever had purchased the land from the plaintiff under contract of sale or paid any portion of the purchase price. That he alleges this in his answer does not alter this relationship in the absence of any proof attacking the lease on the ground indicated or offering testimony showing independent title in defendant. The lease is sufficient proof when its validity is not attacked. Williams v. Wait, 2 S. D. 210, 39 Am. St. Rep. 768, 49 N. W. 209; Browne v. Haseltine, 9 S. D. 524, 70 N. W. 648. See

also Hebden v. Bina, 17 N. D. 235, 242, 138 Am. St. Rep. 700, 116 N. W. 85, supra.

The third proposition attacking plaintiff's right is the contention that plaintiff is not the real party in interest and therefore can not maintain an action for forcible detainer, irrespective of the question of the termination of the lease.

The relationship of landlord and tenant having come into being the possession of the tenant is "deemed to be the possession of the landlord, until the expiration of twenty years from the termination of the tenancy—." Comp. Laws 1913, § 7370.

The undisputed testimony shows that on September 11, 1930, the plaintiff, as first party, made a written contract with Fred H. Delger, as second party, wherein it agreed "to sell and convey to Second Party by a good and sufficient deed" the land involved herein, and the pur- chaser paid $2,000 upon the purchase price. This contract provides "that the title to said described premises shall be and remain in first party" as well as "the title to any and all improvements now upon or hereafter to be placed upon said premises;" also "that the full and absolute ownership of and title to all crops grown and raised upon said premises during any year shall be and remain in first party" until the 'purchaser pays the remainder of the purchase price, in accordance with the terms of the contract; "that the possession of Second Party is that of tenant in possession subject to eviction upon a breach of the terms hereof."

If the lease be terminated and the tenant refuses to vacate after the required statutory notice has been given him the landlord may main- tain an action in forcible detainer. Such action is a contest between those who claim to be entitled to the possession. It is not the question of title which is involved, nor can it be used for the purpose of trying the title. 26 C. J. 912.

Section 9069, subdiv. 4 of the Comp. Laws authorizes the main- tenance of an action in forcible detainer "when the lessee . . . holds over after the termination of his lease or expiration of his term. . . ." There is a conflict of decision as to the right of the tenant to show in defense that his landlord parted with his title since he executed the lease. 16 R. C. L. 1186. Note in 38 L.R.A.(N.S.) 863. However such an issue is not involved here because there is no proof

that plaintiff parted with his title—the title was not transferred to Delger by reason of a contract made with him—neither is there a dispute of title between plaintiff and defendant involved, nor any independent claim of title or right by the defendant founded on the title of another.

There is no specific provision in the contract giving the possession of the land to Delger, nor stating when he shall go into possession; but there is specific evidence that plaintiff agreed to give the purchaser possession on November 1. There is nothing in the testimony to indicate a deed was ever delivered to Delger. The title to the premises is still in the plaintiff. This action is to dispossess the tenant and thus we may presume it is with the intent to put the purchaser in possession. The legal title not having passed, the sale to Delger did not so terminate the relation of landlord and tenant existing between the parties to this action "so that proceedings can not be had in the name of the original lessor." Miller v. Levi, 44 N. Y. 489.

The second main contention, presented by the defendant, deals with a tenancy at will.

The defendant says that even if the lease be construed as one which was to expire at the end of the farming season, yet in that case he became a tenant at will because he held over; and because he was a tenant at will he was entitled, under the terms of the lease, to ten days' notice to quit and as ten days' notice was not given, but merely a three days' notice and the action commenced immediately thereafter, this action in forcible detainer can not be maintained.

The duration of the tenancy is indefinite. The lease does not say the defendant leased the land "for the farming season of 1930." In form it is a contract wherein he agrees to farm the land "during the season of farming in the year 1930." There is no specific provision giving him possession or putting him in possession, nor is there any specific agreement that he will surrender the land at the expiration of the farming season. It contemplates the possession of the defendant during the farming season and makes provision for a tenancy at will in case the defendant "remains in possession . . . after the expiration of the term for which they were hereby leased. . . ." Testimony was introduced showing what was meant by the term "farming season of 1930." The defendant under cross-examination testi-

fied that the ground had frozen "early enough so that there were about 400 bushels of potatoes on the 30th of October that he never dug." He said that he did not get through with the farm work, picking corn until along in November; that he did not cut and shock the corn, that he stopped plowing in September of that year and said "as long as I was taking care of the corn crop I was still farming." A witness who did farming in that vicinity for twenty years testified that a farming season terminates with the freezing of the ground, and that the proper season for harvesting corn would be about the 14th or 15th of October; that in the year 1930 the ground froze up some time in October. When asked when this farming season terminated he said "some years a little later, some years you are late getting the crop off, I think it terminates then."

The trial court found the end of the farming season came at the end of October and the lease terminated November 1st. This being a jury case tried to the court the findings of the trial court comes to us with all presumptions in favor of their correctness. Fuller v. Reed, 60 N. D. 680, 236 N. W. 269; Andersen v. Resler, 57 N. D. 655, 664, 223 N. W. 707.

Under the terms of the lease the sale of the land "after the crop is in" did not terminate tenancy. It gave the purchaser the right to enter upon the land for plowing and otherwise improving such part of the premises not in actual cultivation by the tenant but the lessee was still a tenant and had rights until his tenancy terminated.

September 18, 1930, the plaintiff sent the defendant a telegram notifying him it had sold the land "now occupied by you as our tenant;" and made demand upon him "for possession of this land and premises at the expiration of your lease on November 1st of this year and forbid you doing any more plowing on this land." This telegram was followed by a letter from the plaintiff under the same date stating that copy of this telegram was enclosed. Defendant admits he received the telegram and the letter in due time.

Both sides proceed on the theory that he leased the premises simply for the farming season; but the farming season, according to the testimony in this case, was not over when he received this notice and not being over he was not a tenant at will then. He still remained in pos-

session of the premises under his lease until the termination of the farming season.

The defendant says however he held over and therefore he became a. tenant at will. Having been notified in writing to vacate and leave the premises on the first of November, the defendant knew his landlord desired his removal by November 1st.

"A tenant under a lease, who holds over after the term is ended, against the consent of the lessor, and refuses to surrender possession, is not a tenant at will." Perine v. Teague, 66 Cal. 446, 6 Pac. 84; Kuhn v. Smith, 125 Cal. 615, 73 Am. St. Rep. 79, 58 Pac. 204; Purtell v. Farris, 137 Ga. 318, 73 S. E. 634; Smith v. Littlefield, 51 N. Y. 539. One can not be a tenant at will without permission of his landlord expressed or implied. In this case there is no expressed or implied permission of the landlord for the tenant to remain. The facts are to the contrary. Ample notice was given to the tenant that the relationship would be terminated not later than November 1st. There was nothing on the part of the landlord subsequent to this which implied permission to remain over. It was only if there was a tenancy at will he was entitled to a ten days' notice, but the facts in the case show no tenancy at will was created.

The lease expired November 1, and the record shows that on that day a written notice was given the defendant requiring him "to quit and vacate said premises within three days after the service of this notice upon you, exclusive of the date of service." This notice was "served and returned in like manner as a summons is. served and returned." Thus the notice required by § 9070 of the Comp. Laws was given, and on the expiration of the three days, when defendant refused to vacate, this action was commenced. The judgment of the lower court is therefore affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.