[File No. 6902]

JOHN EIKEVIK, Respondent, v. SYVER M. LEE, Lena Lee, Ethel Lee Johnson, Rolette County, a Municipal Corporation, and All Other Persons Unknown Claiming Any Estate or Interest in, or Lien, or Encumbrance upon the Property Described in the Complaint.

SYVER M. LEE and Lena Lee, Appellants.

(13 N·W (2d) 94)

Opinion filed February 5, 1944

*O. B. Benson* (C. F. Kelsch) for appellant, on oral argument.

200

*John A. Stormon,* for respondent.

MORRIS, Ch. J.   This is an action to determine adverse claims to real property.   The plaintiff is the grantee in a deed dated July 9, 1942

from Rolette County, North Dakota purporting to convey a quarter section of land which according to a recitation in the deed became the property of the county on account of nonpayment of taxes for the years 1928 to 1938 inclusive.

The defendant, Syver M. Lee, is the original owner of the premises. He failed to pay the 1927 taxes. On December 11, 1928 the property was sold to Rolette County at tax sale and a certificate of tax sale was issued to the county on that day. The taxes for 1928, 1929 and 1930 were not paid. On December 28, 1931 the defendant, Lee, redeemed from the tax sale certificate issued in 1928 by paying the 1927 taxes, interest and penalty, whereupon a subsequent tax sale certificate was issued to Rolette County for the 1928, 1929 and 1930 taxes which still remained unpaid. Thereafter no further taxes were paid and those levied for the years 1931 to 1938 inclusive also became delinquent.

On January 3, 1940 the county auditor of Rolette County issued a notice of expiration of period of redemption to Syver M. Lee describing the land and the amount necessary to redeem which was $1256.04. The notice stated that: "Unless redemption is made from such tax sale within ninety days from the date of this notice appearing above my signature tax deed will be issued to the county granting to it and vesting in it absolute title in fee to said property and foreclosing all rights of redemption, and any and all other rights of the owner and of all mortgagees and lien holders and other persons interested therein."

This notice was personally served on the defendant, Lee, by the sheriff of Rolette County and published as provided by statute. No redemption was made and on October 2, 1940, the county auditor executed and delivered to Rolette County a tax deed for the premises.

On January 23, 1942, the plaintiff offered to purchase the land from the county under contract for deed in accordance with the provisions of chapter 286, ND Sess. Laws 1941. In conformity with the provisions of said chapter the sale was held in abeyance for thirty days and the defendant, Lee, was given notice by registered mail as provided by § 18. No redemption having been made, the county sold the land on contract to the plaintiff on March 4, 1942. Upon payment of the balance of the purchase price to the county on July 9, 1942, a deed was issued to the plaintiff by the county under which he claims title in this action.

It further appears that the defendant, Lee, on the fifth day of March, 1942 leased the premises by a written contract from the plaintiff. The lease expired October 1, 1942. Lee remained in possession at the time of trial.

The plaintiff contends that Lee is his tenant and that he is therefore estopped from challenging the title of the plaintiff, who is the landlord. Plaintiff would invoke the general rule that a tenant is estopped to deny his landlord's title during the continuation of the relationship of landlord and tenant and may not avail himself of infirmities in the landlord's title. That rule is subject to at least one notable exception which has been recognized by this court in Hebden v. Bina, 17 ND 235, 116 NW 85, 138 Am St Rep 700. It is said: "Conceding that appellant succeeded in establishing that defendant was holding merely as his tenant, it is well settled that a tenant is not estopped to deny his landlord's title in an action such as this, but he is thus estopped merely in actions arising out of the relation of landlord and tenant." That case involved a statutory action to determine adverse claims to real property and is directly in point. The exception thus stated was later recognized in Lincoln Nat. L. Ins. Co. v. Sampson, 61 ND 611, 239 NW 245. The exception, although of somewhat recent origin, has been applied in many cases where the landlord seeks a judgment that will preclude the tenant as to an interest in the land greater than is necessary to support the tenancy. See cases cited in the following notes. 89 ALR 1295; 29 LRA(NS) 85; Ann Cas 1912D p 104. In this case there is no issue involving the lease. The plaintiff seeks to determine all adverse claims in his favor and establish the fee title in himself. Thus he would preclude or destroy any title which the tenant might have in the fee itself. The operation of estoppel would be inequitable. This is clearly a case wherein it does not apply.

It is urged that the case of Hebden v. Bina, supra, is overruled by Wood v. Homelvig, 68 ND 735, 283 NW 278. The two cases are not conflicting. In the latter case the county obtained a tax deed and sold the land to the tenant. It appeared that it was the duty of the tenant to pay the taxes or at least notify the landlord, who was a nonresident, that the taxes remained unpaid. We held that the general rule was applicable and that the tenant was estopped from acquiring title hostile to his landlord. In that case the equities were clearly in favor of the

landlord and the application of the general rule and not the exception was proper. In so holding, Hebden v. Bina was not overruled.

We now come to a consideration of the proceedings which led up to the issuance of a tax deed to the county. On December 11, 1928 when the property was originally sold to Rolette County and a tax certificate issued, chapter 266, Sess. Laws ND 1927 was in effect. This statute fixed the period of redemption at ninety days from the date of the notice of expiration and prescribed the manner of service. When the auditor of Rolette County issued the notice of expiration of redemption on January 3, 1940, chapter 235, ND Sess. Laws 1939 was in effect. This statute provided (§ 1, ¶ 3) that: "It shall be the duty of the county auditor on or before the first day of June of each year to give notice of the expiration of the period of redemption as to all tracts of real estate on which the period of redemption will expire on October 1st following." The statute also prescribes the form of notice and the manner of service. Those to whom the notice is addressed are advised that unless redemption is made before the first day of October after the date of the notice a tax deed will be issued to the county.

The issue is raised as to which statute governs. The plaintiff contends that the period of redemption is governed by the statute in effect at the time of sale. This is concededly the rule that applies where property is purchased at a tax sale by private parties. The defendant, Lee, on the other hand contends that where the period of redemption from sales made to the county has been extended by statute the extension applies and he is therefore entitled to the longer period in which to redeem and a notice of expiration of the period of redemption prescribing a shorter time is fatally defective.

It is generally held that a certificate of sale issued to a private purchaser at tax sale, constitutes a contract and the legislature cannot subsequently disturb vested rights thus acquired. Fisher v. Betts, 12 ND 197, 96 NW 132; Beggs v. Paine, 15 ND 436, 109 NW 322. When land is sold the taxes are paid and neither the county nor the state holds a lien for the taxes. The situation is entirely different when property is bid in by the county. The county is a political subdivision of the state. Its rights and powers are determined and defined by law. ND Const., Art. 10; Divide County v. Baird, 55 ND 45, 212 NW 236, 51 ALR 296. In the levy and collection of taxes a county acts in a

governmental capacity. The object of a tax sale is the collection of revenue and not the acquisition of title to real estate by either the county or the state. The sale to the county creates no vested rights in the county nor does it result in a contract. The taxes still remain unpaid for which the county has a lien on the land. From this lien the owner and certain other persons prescribed by statute have a right of redemption. If in furtherance of the object of collecting revenue the legislature deems it advisable to extend the period of redemption, it is clearly within the legislative power to do so. Chapter 235, ND Sess. Laws 1939 amended a former act and gave to owners, mortgagees and other lien holders a longer time after notice, in which to redeem. We hold that the period of redemption therein provided applies to all proceedings wherein tax deeds are sought by counties after the effective date of the act. State ex rel. Atkins v. Lawler, 53 ND 278, 205 NW 880; Cooley, Taxation, 4th ed., § 1561; Hodgdon v. Burleigh (CC) 2 Hask 437, 4 F 111; Bell v. Bayfield County, 206 Wis 297, 239 NW 503.

The notice of expiration of redemption in this case was issued on January 3, 1940 and gave the owner ninety days in which to redeem when, in fact, his right of redemption extended up to and including the first day of October following. One of the important elements of a notice of expiration of period of redemption is, as the name of the instrument implies, a correct statement of the time when the right to redeem expires. A notice that incorrectly states a shorter time than the law allows is fatally defective. State Finance Co. v. Beck, 15 ND 374, 109 NW 357; State ex rel. State Bank v. Weiler, 67 ND 593, 275 NW 67.

This record discloses a further defect in the notice. It purports to notify the owner that: "The real estate hereinafter. described was at the tax sale held in this county on the 11th day of December 1928, offered for sale for the delinquent taxes against it and was sold to said county, and that redemption has not been made therefrom and that the same is still the property of such county."

This statement does not conform to the facts. On December 28, 1931, the owner redeemed from the sale thus described and a subsequent tax sale certificate was issued to the county for the 1928, 1929 and 1930 taxes. The notice is silent as to the latter certificate which is the only unredeemed certificate appearing in the record. Clearly a

notice reciting that the owner was about to lose his land through a tax sale from which he had made redemption was misleading.

The defects in the notice of expiration of the period of redemption are fatal to its validity. It did not operate to extinguish the owner's right of redemption.

Our attention is called to the fact that before the county attempted to consummate its sale to the plaintiff it gave to the owner the notice prescribed by § 18, chap. 286, ND Sess. Laws 1941 and held the sale in abeyance for thirty days during which the owner was given an opportunity to "make redemption by payment in full of delinquent taxes, penalty and interest charged against such real estate." It is argued that the owner was thus given an opportunity to redeem and that since he failed to do so he cannot now object to the sale to the plaintiff. The weakness in this contention lies in the fact that § 18 presupposes the issuance of a valid tax deed to the county conveying to it title to the property subject only to the right of the original owner or his successor in interest to make redemption as provided by that section. It was clearly not the intention of the legislature to provide by § 18, a cure for defective prior proceedings. Its purpose is to provide the owner or his successor in interest an additional chance to save his land rather than to provide a cure, as against him, for prior fatal procedural defects.

The final point to be considered is the effect on this action of the provision of § 21, chapter 286, ND Sess. Laws 1941 which provided: "That whenever any action at law or in equity is brought to test the validity of any deed issued and delivered by the county to the purchaser of lands acquired through tax deed proceedings, the Court shall not proceed with the trial of such action until the party assailing the validity of such deed, shall, within the time required by the Court, deposit with the Clerk thereof, for the benefit of the party claiming title under such deed, an amount equal to the sum paid by such party to the county for the purchase of the property covered by such deed, together with an amount sufficient to pay the defendants statutory costs of the action, to be determined by the order of the Court."

The court has made no order and no tender or deposit has been made by the defendants. This is an action to determine adverse claims by

which the owner, if the action is successful, will be deprived of all right, title and interest in the property in question. It is an equitable action. It appears that the owner's equity of redemption from tax sale has not been extinguished. We do not construe the statute above quoted to require the court to declare that equity or redemption is extinguished because the tender provided by the statute has not been made by the owner whose rights have been attacked in this action. The failure to make the tender bars the granting to the defendant of affirmative relief. It deprives him of no right in the property. Neither does it vest in the plaintiff a title which he does not otherwise have. Messer v. Henlein, 72 ND 63, 4 NW(2d) 587.

The judgment appealed from is reversed and the case is remanded for further proceedings consistent herewith.

CHRISTIANSON, BURR, NUESSLE and BURKE, JJ., concur.