Ingeborg KLEMESRUD, Lillie Klemesrud, Herbert Klemesrud, Mae Klemesrud, James R. Klemesrud, Clarence Klemesrud, Theodore Klemesrud, Ruth Klemesrud, Lorin Klemesrud, Eleanor Klemesrud, Plaintiffs and Appellants,

v.

Talmer BLIKRE, Edith Blikre, Edith Breckey Blikre, Ingvald Bjorndahl, Williams County, North Dakota, a public corporation, A. O. Wang, as County Auditor of Williams County, North Dakota, Hunt Oil Company, a foreign corporation, The Hunt Oil Company, a foreign corporation, Stockman Motor and Farm Equipment Company, a corporation, James G. Key, and all other persons unknown, having or claiming to have any right, title, interest in or to, or lien or encumbrance upon the premises described in the Complaint, Defendants and Respondents.

No. 7520.

Supreme Court of North Dakota.

March 5, 1956.

Rehearing Denied March 22, 1956.

Hyland, Foster & Conmy, Bismarck, for appellants.

Burk & O'Connell, Williston, for respondents, Talmer Blikre, Edith Blikre, Edith Breckey Blikre, Hunt Oil Co., a foreign corp., The Hunt Oil Co., a foreign corp.

Bjella & Jestrab, Williston, for respondent, James G. Key.

SATHRE, Judge.

The plaintiffs brought this action to quiet title to the following described premises situated in Williams County, North Dakota.

The Southwest Quarter (SW¼) of Section Eleven (11) Township One Hundred Fifty-eight (158) North, of Range Ninety-five (95) West of the Fifth Principal Meridian, Williams County, North Dakota, save and except that part thereof described as follows:

A strip of land Forty Feet (40 ft.) wide lying East of, adjacent to, and extending along the entire West line of said Southwest Quarter (SW¼) of Section Eleven (11), excepting the South Two Hundred Sixty Five Feet (265 ft.) of the North Eight Hundred Fifty-Five and Two-Tenths Feet (855.2 ft.) and excepting all that portion lying within Thirty-three Feet (33 ft.) of the Section line, and except that part thereof described as follows: A tract of land described as beginning at a stake on the Section line between Sections Ten (10) and Eleven (11) Five Hundred Eighty-one and Two-thirds yards (581⅔ yards) North, in a straight line from the Southwest corner of said Section Eleven (11) in Township One Hundred Fifty-eight (158) North, of Range Ninety-five (95) West of Fifth Principal Meridian, Williams County, North Dakota, running thence east at right angles to said Section line a distance of Two Hundred Ten yards (210 yards) to a post; thence North parallel with said first described Section line a distance of Eighty-eight yards (88 yds.) to a post; thence running West at right angles to said last described line a distance of Two Hundred Ten yards (210 yds.) thence South on said Section line a distance of Eighty-eight yards (88 yds.) to the point of beginning. Said tract being situated in the Southwest Quarter (SW¼) of Section Eleven (11), Township One Hundred Fifty-eight (158) North, of Range Ninety-five (95) West of the Fifth Principal Meridian, Williams County, North Dakota.

The plaintiffs, ten in number, are the heirs at law and next of kin of Harold Klemesrud deceased, a resident of Mitchell County, Iowa, who died in October 1935. At the time of his death he was the owner of the land described in the complaint. The plaintiff Ingeborg Klemesrud is the surviving widow of said deceased, and the plaintiffs Herbert Klemesrud, Clarence Klemesrud, and Theodore Klemesrud are the sons of said deceased; Lillie Klemesrud, Ruth Klemesrud and Eleanor Klemesrud are daughters of said deceased; Mae Klemesrud is the widow of Olaf Klemesrud, a deceased son of said deceased, and James Klemesrud is the son of the deceased son and Mae Klemesrud. All of the plaintiffs are residents of Mitchell County, Iowa, except Eleanor Klemesrud who is a resident of the State of New Jersey. There

are two groups of defendants in this action. One group consists of Talmer Blikre and his wife Edith Blikre and Hunt Oil Company, a corporation. The Blikres claim title through a conveyance from Williams County which acquired its title through tax deed proceedings. The Hunt Oil Company claims to be the owner of an oil and gas lease executed by Talmer Blikre and wife. The other defendants are Williams County, North Dakota, James G. Key and others and all other persons unknown etc., but all of said defendants, including Williams County defaulted, except the defendant James G. Key, who claims to be the owner of oil and gas leases executed by the plaintiffs.

The plaintiffs claim their title to the land described in the complaint as the heirs at law and next of kin of said Harold Klemesrud deceased. They challenge the validity of the tax deed proceedings of Williams County under which the defendants Blikre and the Hunt Oil Company claim title. The defendant James G. Key is the holder of oil and gas leases executed by the plaintiffs. He joins with the plaintiffs in challenging the validity of the tax title proceedings, conducted by Williams County, and alleges that he is holder of oil and gas leases executed by the plaintiffs. The plaintiffs however contend that the oil and gas leases held by the defendant Key were obtained through fraud and misrepresentation and are void.

The issues presented are therefore first, the question as to the validity of the tax deed proceedings had by Williams County. If the proceedings are found to be regular and valid, the defendant Blikre is the owner of the land involved and the lease of the Hunt Oil Company is a valid lease, and the title claimed by the plaintiffs must fall. On the other hand, if the tax deed proceedings had by Williams County are void, the plaintiffs are the owners of the land in controversy; and if the plaintiffs are the owners then the question arises as to the validity of the leases held by the defendant James G. Key.

The case was tried in the district court of Williams County, before Hon. A. J. Gronna, District Judge, without a jury. The district court found for the defendants Blikre and the Hunt Oil Company and judgment was entered accordingly. The plaintiffs appealed and demanded a trial de novo in this court.

The plaintiffs contend that the tax deed proceedings had by Williams County are fatally defective for the following reasons:

1. That there was no valid assessment and levy of taxes against the land involved for the years 1931 and 1932.

2. That the certificate of sale issued to Williams County at the tax sale December 1932 was defective.

3. That the notice of expiration of the period of redemption was defective and that it was not served as provided by law.

4. That the deed to Williams County was prematurely issued.

5. That the tax deed issued to Williams County was not issued in the name of the state as required by law.

We shall consider these points in the order stated.

It is contended that the real property assessment for 1931 was defective because of insufficient description of the land involved. A photostatic copy of the assessment list was introduced in evidence as plaintiffs' exhibit 6. On this list is shown the names of the landowners and the description of the land owned. All of the lands are described by abbreviations, and the name of the owner and description in the instant case is as follows:

Harold Klemesrud SW ex 3A church S11 T158 R95

Section 57–0202, NDRC 1943 authorizes the use of abbreviations in all proceedings, lists, advertisements, notices and documents relative to assessing, advertising, or selling of real estate for taxes or special assessments. Subdivisions 2, 3 and 4 of said section are as follows:

"2. Whenever the letters N., E., S., W., are used, they shall be construed to

mean north, east, south, and west, respectively;

"3. Whenever there shall be used the initial letters N.W., S.W., N.E., S.E., whether in capital letters or small letters, and whether each letter is followed by a period or the two are written connectedly without a period to signify the same to be an abbreviation of two words, and whenever said letters shall be used in connection with section numbers to designate land descriptions, and in the absence of proof to the contrary, it shall be presumed that the same are abbreviations for and mean 'northwest', 'southwest', 'northeast', and 'southeast', respectively;

"4. When two or more sets of such abbreviations shall be used connectedly, as N.E., S.E., the same shall be presumed to mean the 'northeast quarter of the southeast quarter' ".

■ Under the provisions of the statute quoted the letters SW must be held to mean Southwest quarter. S11 certainly has reference to the number of the section; T refers to township, and R refers to range. Thus we have southwest quarter of section 11, township 158, range 95. There also appears the letters ex 3A church, and after the description appears the number 157. We do not think that the description is misleading. Under the statute quoted there cannot be any doubt that the abbreviation SW means the southwest quarter, T means township, and R means range. It is true that subdivision 8 of section 57–0202 states that "sec" shall be taken to mean "section". In the instant case, however the capital letter "S" and the number "11" appear together thus "S11"; which when read together with the preceding characters we think it is clear that the letter "S" must be held to mean section. With reference to the letters "ex" followed by "3A church" they must be taken to mean except three acres owned by a church and are therefore excluded from taxation. This is made clear by the number 157 which indicates that 157 acres are left subject to taxation. The plaintiffs are charged with knowledge that the land is subject to taxation. They do not contend that the tax levied is excessive and it does not appear that they are prejudiced in any way because of any insufficiency in the description of the land. The plaintiff Ingeborg Klemesrud, testifying by deposition, stated that her husband purchased the land in question in 1913 and that he had paid the taxes on the land to 1931 but that no taxes had been paid thereafter. We conclude therefore that the assessment and the levy of the real estate taxes for the years 1931 and 1932 are not subject to attack on the ground of insufficiency of the description of the land.

■ In the second ground it is contended that the certificates of sale issued to the county for the taxes of 1931 and 1932 are defective in that they recite that the land was sold to the county upon competitive bids. The certificates recite that "he being the bidder who agreed to accept the lowest rate of interest from the date of sale on the amount of such taxes, penalties, and costs so paid by him, and that said rate of interest which said purchaser so agreed to accept, was nine per cent per annum."

The question here raised was before this court in the recent case of Coulter v. Ramberg, 79 N.D. 208, 55 N.W.2d 518. In that case we said:

"Plaintiffs claim this indicated that Williams County became a competitive bidder at the sale contrary to law. State ex rel. Atkins v. Lawler, 53 N.D. 278, 205 N.W. 880. Chapter 289, S.L.1931, provided that if any tract remained unsold for want of bidders it should be again offered before the sale closes and 'if there is no other bidder he (county treasurer) shall bid for the same in name of the county and the same shall be struck off and become forfeited to the county in which the sale takes place * * *.' Said Chapter further provides that: 'Whenever any real property shall be sold to the county, the county auditor shall make out certificate of sale to the county in the *same manner* as if sale had been made to any other person

which certificate shall be retained by the county treasurer * * *.' Thus the law provides only one form of certificate and says that when the land is sold to the county. the auditor shall make out a certificate *in the same manner* as other certificates of sale. (Emphases supplied.) The fact that the certificate shows 9 per cent, the highest rate allowed by law, Chapter 289, S.L. 1931, is in harmony with the view that there was no competitive bidding.

"We hold the county auditor's certificate of sale to Williams County is valid."

■ In the third ground it is contended that the notice of expiration of the period of redemption was defective and that it was not served as provided by law.

A copy of the notice was admitted in evidence as plaintiffs' exhibit 15, it being the notice received by the plaintiff Ingeborg Klemesrud, the surviving widow of the owner of the land, Harold Klemesrud deceased. The notice is in the identical form prescribed by Chapter 235, Laws of 1939, an emergency statute, which was in force at the time of service of the notice of expiration of the period of redemption. The notice is as follows:

"Notice of Expiration of Period of Redemption

"To Harold Klemesrud, the record title owner of the Real Estate hereinafter described and to all mortgagees, Lien holders, or other persons interested in said Real Estate and to the person in possession thereof;

"I, Morten Mortenson, County Auditor of Williams County, North Dakota, hereby give notice that the following described "Real Estate to-wit:

| "Subdivision | Sec or Lot, | Town or Block, | Range, | Total Amount Necessary to Redeem. |
|---|---|---|---|---|
| "SW ex 3A | 11 | 158 | 95 | $208.04 |

"was at a Tax Sale held in said County on the 13th day of December, 1932 offered for sale for delinquent taxes against it and was sold to said county and that there are due and unpaid taxes, penalty and interest and cost upon and against said Real Estate at the date of this notice the sum. of Two hundred eight and 4/100 Dollars, including subsequent taxes for the years 1932 and penalty and interest thereon and that redemption has not been made therefrom, and that the same is still the property of such County and unless redemption is made from such tax sale on or before the first day of October after the date of this notice appearing above my signature, Tax Deed will be issued to the County granting to it and vesting in it absolute Title in fee to said property and foreclosing all rights of redemption and all other rights of the owner and all Mortgage or Lien holders and other persons interested therein as may appear from the records of the Register of Deeds and Clerk of the District Court of said county. There is given herewith the description of such parcels of Real Estate and set opposite each description is the amount that will be required upon the date of the expiration of said period of redemption to redeem such Real Estate from such Tax Sale exclusive of the cost of serving this notice upon the owner and the persons in possession thereof.

"Given under my hand and the seal of the County Auditor of Williams County, North Dakota this 20 day of May 1939.

"Morten Mortenson
"County Auditor of Williams County
"State of North Dakota."

At the time the notice was issued the record title was in the name of Harold Klemesrud, Post Office address Osage, Iowa, as shown by plaintiffs' exhibit 42 the certificate of the register of deeds of Williams County, furnished upon the request of the county auditor.

The plaintiff Ingeborg Klemesrud, testifying by deposition stated that she received by registered mail, plaintiffs' exhibit 15 and that said exhibit was headed Notice of Expiration of Period of Redemption and that it was signed Morten Mortensen, Auditor, Williams County. She testified further

that it gave the description of the land as follows: Subdivision SW ex 3A, Section 11, Township 158, Rge. 95 and that the amount stated to be due was $208.04 and that she received the notice May 31, 1939. She was asked if the description was clear to her, and she answered "No it was not".

Plaintiffs contend that it is not shown that service of the notice of expiration was served upon the other plaintiffs and that therefore the service was defective. We think there is no merit to this contention. The names of these plaintiffs did not appear in the records of Williams County as owners. The only owner shown as appears by plaintiffs' exhibit 42, the certificate of the register of Deeds, is Harold Klemesrud. The notice was admittedly received by the plaintiff Ingeborg Klemesrud, surviving widow of Harold Klemesrud, who according to her own testimony was the administratrix of the estate of said Harold Klemesrud, deceased.

We think it clear that the notice of expiration of the period of redemption was served as provided by law. The statute, Chapter 235, Laws of 1939 provides that if the owner does not reside in the state, service shall be made upon him by the county auditor by registered mail, addressed to him at his post office address as shown on the records in the office of the register of deeds and clerk of the district court. In the instant case the certificate of the register of deeds shows that the record owner is Harold Klemesrud and that his post office address is Osage, Iowa. The notice was sent to him at that post office address and was received by his surviving widow who also was the administratrix of his estate in Iowa. The law was therefore fully complied with in matter of service of the notice of expiration of the period of redemption.

■ The next ground urged is that the deed to Williams County was prematurely issued. This contention is based upon the provisions of Chapter 227 of the Session Laws of 1939 which provides that settlement of delinquent taxes could be made up to March 1, 1940 by paying the original tax without interest and penalty. The deed to Williams County was issued March 1, 1940. It is claimed therefore that the county deed could not be legally issued until after March 1, 1940. This question was before this court in the case of Coulter v. Ramberg, supra. In that case we said:

"The avowed purpose of Chapter 227, as stated in Section 5 thereof, is to provide for the settlement of delinquent taxes without the payment of penalty and interest in order to permit taxpayers to place themselves upon a current tax paying basis. This statute contains no reference to the expiration of periods of redemption from tax sales or to any amount which must be paid to redeem from a tax sale. If it is to be construed to extend the time to redeem and to reduce the amount of money required to be stated in the notice of expiration of redemption as the amount necessary to effect a redemption, that construction must be reached by inference and not from any of the express provisions of the statute. Such an inference would be contrary to the express provisions of Chapter 235, Laws of N.D.1939 and, would, therefore, amount to a repeal by implication, of these provisions. Repeals by implication are not favored and courts will not find such a repeal to have been effected if there are reasonable grounds to hold to the contrary. City of Fargo v. Ross, 11 N.D. 369, 92 N.W. 449; State ex rel. Coghlan v. Poindexter, 49 N.D. 201, 190 N.W. 818; State v. Osen, 67 N.D. 436, 272 N.W. 783. * * *

"It is clear from a consideration of these provisions that we cannot hold that Chapter 227, supra, by implication, extended the period of redemption from those sales where the period of redemption would ordinarily expire on October first 1939, to March first, 1940, because the authority of county auditors to give notice of the expiration of the period of redemption is limited to cases where the period would expire on October first. Either Chapter 227, supra, in no way repealed or modified

the provisions of Chapter 235, supra, or if it did, then it completely did away with the rights of counties to mature their tax title by giving notice of the expiration of the period of redemption, from the effective date of Chapter 227, until June 1940. The latter construction would, in our opinion, be unreasonable. It would be inconsistent with the fact that the legislature of 1937 abandoned its policy of extension of time for payment of taxes and moratoria on tax deed proceedings."

Clearly there is no merit to plaintiffs' contention.

■ It is next argued that the notice of expiration of the period of redemption is defective in that it fails to state separately the amount of taxes with penalties and interest due for each year. It is true that section 57–2803, NDRC 1943 provides that the taxes, penalty and interest shall be stated separately for each year. However this statute was enacted by the Legislative Session of 1941. It was not retroactive and therefore could have no application to tax deed proceedings had prior to its enactment. Plaintiffs cite the case of Kelsch v. Miller, 73 N.D. 405, 15 N.W.2d 433, 155 A.L.R. 1186 as supporting their contention. In this they are in error. The notice of expiration of period of redemption did not state separately the amount of taxes, penalty and interest due each year, but showed the different items which made up the total tax due as follows:

"Total Am't necessary to Redeem

| 53 | 77 Sub |
| 477 | 5 Sub |
| | 50 |
| 102 | 02" |

Under the form of notice in that case the redemptioner, in order to redeem, was required to pay the total of the items as shown in the notice of redemption. The years were not stated separately in the notice. There is therefore, no material difference between that notice and the notice in the instant case.

A photostatic copy of the published notice of expiration of the period of redemption in the form provided by statute was introduced in evidence as plaintiffs' exhibit 19A together with the affidavit of the publisher that the same was published in the Williston Herald, a daily newspaper published in the city of Williston, Williams County, North Dakota on August 1, 1939. No redemption was made by any of the plaintiffs and on March 1, 1940, a deed was issued to Williams County as provided by section 57–2705, NDRC 1943.

■ The plaintiff contends that the deed issued to Williams County, was void for the reason that it was not issued in the name of the State of North Dakota. A photostatic copy of the deed was admitted in evidence as plaintiffs' exhibit 5. The form of the tax deed is prescribed by Section 57–2706, NDRC 1943, and the tax deed issued to the county is in the identical form prescribed by said section 57–2706. It recites:

"This Indenture, made this first day of March A. D. 1940 between the State of North Dakota, by Morten Mortensen, as county auditor of the said county, party of the first part, and the said county of Williams, party of the second part."

Then follows the granting clause and description of the land granted and the habendum clause which is in the identical form prescribed by the statute. Plaintiffs' objection to the form of the deed to Williams County is therefore without merit.

From the record before us we conclude that the tax deed proceedings had by Williams County were in strict compliance with the applicable statutes; and no redemption having been made by any of the plaintiffs, the title to the land involved in the instant case became vested in fee simple in Williams County and its assigns as provided by section 57–2705, NDRC 1943, and that any title or interest of the plaintiffs in and to said land was thereby wholly cut off and extinguished. The leases claimed by James G. Key to have been issued to

him by the plaintiffs are therefore of no effect and void.

On October 13, 1943, the defendant Talmer Blikre made application to the county commissioners of Williams County for the purchase of the land here involved. The application was granted and he executed an installment contract for deed upon which he made a first payment of $275. On November 17, 1943, the auditor of Williams County prepared a Notice to Former Owners, Executors, Administrators or Members of the immediate family, plaintiffs' exhibit 17, and sent the same by registered mail to Harold Klemesrud at Osage, Iowa. It was received by Ingeborg Klemesrud on November 19, 1943. The notice was in the usual form and stated:

"You are notified that the following real estate SW ex 3 acres Sec. 11, Twp. 158, Rge. 95 of which you were formerly the owner has been sold and that according to the provisions of House Bill 127, Session Laws 1943 [c. 121], you, or your executor, or administrator, or any member of your immediate family have 30 days from the date of this notice in which to make redemption.

"The amount necessary to make such redemption, if paid in full at the time of application is $682.18, and if purchased under Contract for Deed the purchase price is $680.93, one-fourth cash and the balance in yearly payments at four (4) per cent interest.

"Unless this property is repurchased within the 30 day limit the sale of this property is final and you have no further recourse.

"Dated this 17th day of November, 1943.

"Morten Mortenson,
County Auditor.

Note Carefully

You are further notified that there is summer tillage on above described land which must be paid by you in cash in addition to the amount given by the County Auditor as follows:

"22.4 acres—strip fallow
"22.4 acres @ 1.40 per acre=31.36

Dated this 13 day of November 1943.

"O. N. Lee
"Agent of County Owned Land."

With reference to this notice the plaintiff Ingeborg Klemesrud, surviving widow of Harold Klemesrud, testified by deposition as follows:

"Q. Now, Mrs. Klemesrud, I will hand you exhibit D, Plaintiffs Exhibit 17, and ask you if you can identify that for us. A. This is a notice sent by Morton Mortenson, 1943.

"Q. Does it say what kind of a notice it is on the top?. A. Notice to former owners, executors, administrators or members of the immediate family.

"Q. Now, you won't have to read it all Mrs. Klemesrud. Did you tell us who signed that or whose name appeared on it? A. Morton Mortenson.

"Q. Who is it addressed to? A. Harold Klemesrud.

"Q. Did you receive that notice? A. Yes.

"Q. Is there a date on the notice? A. November 1943, and that notice stated we had 30 days in which to redeem the land.

"Q. Is the description the same as in the other notice you testified to? A. Yes, it is the same.

"Q. Does it give the amount of taxes necessary to redeem? A. $680.-93, and $31.36 for summer fallow.

"Q. Mrs. Klemesrud, I will hand you exhibit E and ask you if you can identify that? A. It is the envelope that contained this notice.

"Q. This last notice you are talking about? A. Yes.

"Q. Now, do you know about when you received that last notice? A. November 19th, 1943.

"Q. Did that come to you by registered mail? A. Yes, it did."

The plaintiff Ingeborg Klemesrud and eight of the other plaintiffs were residents of Mitchell County, Iowa, near the city of Osage, their post office. They were all of mature age and from the testimony given in their depositions they evidently possessed ordinary intelligence. They all had notice of the service of the notice of expiration of the period of redemption shortly after it was received by Ingeborg Klemesrud, surviving widow and administratrix of the estate of her husband Harold Klemesrud, deceased. They likewise had timely notice of their right to repurchase the land. The notice of the right to repurchase was received by Ingeborg Klemesrud, November 19, 1943, but none of the plaintiffs made any attempt to repurchase the land. Thereafter the contract of sale to Talmer Blikre was approved by the county commissioners of Williams County. Talmer Blikre made the final payment under his contract for deed and he received a deed in due form from Williams County on November 18, 1947.

Plaintiffs argue, however, that the defendant Blikre was a tenant in possession of the plaintiffs and that therefore he was barred by section 28-0112, NDRC 1943 from taking title to the land involved. Said statute is as follows:

"Whenever the relation of landlord and tenant shall have existed, the possession of the tenant shall be deemed the possession of the landlord, until the expiration of twenty years from the termination of the tenancy, or, when there has been no written lease, until the expiration of twenty years from the time of the last payment of rent, notwithstanding that such tenant may have acquired another title or may have claimed to hold adversely to his landlord. Such presumptions shall not be made after the periods herein limited."

The evidence shows that on June 11, 1938 the defendant entered into a written lease, plaintiffs' exhibit 1, for farming the land during the farming season of 1938 from April 1, 1938 to November 1, 1938. The lease was signed by Talmer Blikre, and by V. A. Helberg as agent for Harold Klemesrud. Of course, Harold Klemesrud had been dead for three years when this lease was executed by Helberg. His estate had been probated and the administration thereof closed in 1937, and no probate proceedings had been had in North Dakota. Nevertheless the land was farmed by the defendant Blikre under said lease as stated therein during the farming season of 1938. He also farmed it in 1939 under an oral agreement with the said Helberg. Under the terms of the lease the owner was to receive one fourth of the crops raised and delivered to the elevator, and the tenant was to receive three-fourths of the crop, furnish the seed and pay all the expenses. Williams County took title to the land through tax deed proceedings and deed was issued to the County March 1, 1940, and any interest the plaintiffs had in the land was thereby extinguished.

Williams County thus acquired a new and independent title by which it became the absolute owner in fee simple of the land involved. The defendant leased the land from Williams County during the years 1940, 1941 and 1942 and in 1943 he purchased the land from Williams County under a contract for deed. The contract was paid in full and a deed issued to Talmer Blikre in 1947.

It is clear therefore that the title of the defendant Blikre was not acquired through any advantage taken by reason of existence of the relation of landlord and tenant between him and the plaintiffs.

A question identical to that raised by the plaintiffs was before this court in the case of Hebden v. Bina, 17 N.D. 235, 116 N.W. 85, 807. Section 28-0112, NDRC 1943 was in full force and effect when that case was decided in April 1908 and appeared in the identical form as section 5196, R.C. 1895. In that case this court said:

"But, conceding that appellant succeeded in establishing that defendant was holding merely as his tenant, it is well settled that a tenant is not estopped to deny his landlord's title in an action such as this, but he is thus estopped merely in actions arising out of the relation of landlord and tenant. 18 A. & E. Enc. Law. 419–421; 25 Cyc. 942, and cases cited; Jochem v. Tibbells, 50 Mich. 33, 14 N.W. 690; Shaw v. Hill, 83 Mich. 322, 47 N.W. 247, 21 Am.St.Rep. 607; Knefel v. Daly, 91 Ill.App. 321; Young v. Severy, 5 Okl. 630, 49 P. 1024; McKie v. Anderson, 78 Tex. 207, 14 S.W. 576; Van Winkle v. Hinckle, 21 Cal. 342; Franklin v. Merida, 35 Cal. 558, 95 Am.Dec. 129."

The opinion was quoted with approval in the more recent case of Eikevik v. Lee, 73 N.D. 197, 13 N.W.2d 94, 96. After quoting the exception in the Hebden Bina case we said:

"That case involved a statutory action to determine adverse claims to real property and is directly in point. The exception thus stated was later recognized in Lincoln Nat. Life Ins. Co. v. Sampson, 61 N.D. 611, 239 N.W. 245.

The exception, although of somewhat recent origin, has been applied in many cases where the landlord seeks a judgment that will preclude the tenant as to an interest in the land greater than is necessary to support the tenancy. See cases cited in the following notes. 89 A.L.R. 1295, 29 L.R.A., N.S., 85; Annotated Cases 1912D, p. 104. In this case there is no issue involving the lease. The plaintiff seeks to determine all adverse claims in his favor and establish the fee title in himself. Thus he would preclude or destroy any title which the tenant might have in the fee itself. The operation of estoppel would be inequitable."

Since we have arrived at the conclusion that the tax deed proceedings had by Williams County were regular and in compliance with statutory requirements it follows that the defendant Talmer Blikre is the owner of the land in controversy and that the lease issued by him to Hunt Oil Company a corporation is a valid lease.

The judgment of the district court is affirmed.

BURKE, C. J., and MORRIS, GRIMSON and JOHNSON, JJ., concur.