Robert MAY, for himself and for the use and benefit of J. S. Martin, Plaintiff and Appellant,

v.

Vernon MILLER and Bowman County, North Dakota, a political subdivision of the State of North Dakota, Defendants and Respondents.

No. 7555.

Supreme Court of North Dakota.

Aug. 10, 1956.

Rehearing Denied Sept. 26, 1956.

M. S. Byrne, Bowman, Hyland, Foster & Conmy, Bismarck, for appellant.

John A. Amundson, Bowman, Mackoff, Kellogg, Muggli & Kirby, Dickinson, Elmer V. Morland, Bowman, for respondents.

SATHRE, Judge.

The plaintiff brings this action against Bowman County, North Dakota and Ver-

non Miller, defendants, to quiet title in himself to the surface and ⅟₁₆th of the minerals and for the use and benefit of J. S. Martin, ¹⁵⁄₁₆th of the minerals to the following described premises.

Lots Two (2), Three (3) and Four (4) and the South half of the Northeast quarter (S½NE¼) and South half of the Northwest quarter (S½NW¼) and the Northwest quarter of the Southeast quarter (NW¼SE¼) of Section Four (4) in Township one hundred Twenty-nine (129) North, Range One Hundred Five (105) West of the Fifth Principal Meridian.

The plaintiff claims title to the said described property by virtue of a certain county deed, executed to him by Bowman County as grantor on the 7th day of August 1926 which deed was filed for record in the office of the register of deeds in and for Bowman County on the 23rd day of November 1926. That thereafter the plaintiff brought an action to quiet title to the said described premises and judgment quieting title in said plaintiff to said premises was rendered in the district court of Bowman County on October 1, 1929.

The defendants Bowman County and Vernon Miller answered separately. In its answer Bowman County denies the claim of title of the plaintiff and alleges that it is the legal owner of the lands described in the complaint by virtue of an auditor's deed dated October 1, 1940, and recorded in the office of the register of deeds of Bowman County, in Book 48 of deeds on page 355 on November 25, 1940. That said deed was issued pursuant to the sale of said lands for non-payment of the taxes assessed and levied for the year 1929. That Bowman County thereafter sold said lands to the defendant Vernon Miller by contracts for deed dated the 3rd day of December 1952, and January 26, 1953, and that upon payment in accordance with the terms of said contracts the defendant Vernon Miller, will be entitled to conveyance of said described premises.

In his answer and counterclaim Vernon Miller denies the plaintiff's claim of title of the plaintiff to said lands and by way of counterclaim alleges that he is the equitable owner thereof under contracts for deed with Bowman County, dated December 30, 1952 and January 26, 1953, and that upon making the payments as provided by the terms of said contracts for deed he will be the owner in fee simple of the said lands and premises. That said contracts are not in default and that the defendant has an estate and interest in said premises as fee owner thereof, subject to the vendor's lien in favor of Bowman County pursuant to such contracts for deed.

As further defenses defendant Vernon Miller alleges laches on the part of the plaintiff and that his action is barred by the statutes of limitation, and that the agreement between the plaintiff and J. S. Martin for conveyance to said Martin of ¹⁵⁄₁₆th of the mineral rights in said premises is champertous and in violation of the provisions of Sections 12–1714, 12–1719, 12–1716 NDRC 1943.

In his reply the plaintiff denies the allegations in the answers of the defendants and alleges that the tax deed proceedings through which the defendant Vernon Miller claims title are null and void in that Bowman County failed to comply with the statutory requirements applicable to such proceedings.

The case was tried in the district court of Bowman County, sixth judicial district to the court without a jury. The district court found in favor of the defendant Vernon Miller and judgment was entered accordingly. The plaintiff appealed from the judgment and demanded a trial de novo in this court.

We shall first consider the contention of the plaintiff that the tax deed proceedings conducted by Bowman County were irregular and null and void. Plaintiff's first contention is that the certificate

of sale held by the county was void because the county was a competitive bidder at the sale contrary to law. This identical question was raised in this court in the case of Coulter v. Ramberg, 79 N.D. 208, 55 N.W. 2d 516, 518; and also in the more recent case of Klemesrud v. Blikre, N.D., 75 N.W. 2d 522.

The certificates issued to the counties in those cases and the certificate under consideration in the instant case were issued under the provisions of Chapter 289 S.L. 1931 which provided that if any tract remained unsold for want of bidders it should be again offered before the sale closes and if there were no other bidders the county treasurer should bid for the same in the name of the county and the same should be struck off and become forfeited to the county in which the sale took place. Said chapter further provided that "whenever any real property shall be sold to the county, the county auditor shall make out certificate of sale to the county in the same manner as if sale had been made to any other person which certificate shall be retained by the county treasurer." We held in those cases that the county auditor's certificate of sale issued to the counties conformed to the requirements of the statute and were valid certificates. It follows therefore that the certificate of sale issued by the county auditor to Bowman County in the instant case is valid.

The plaintiff next contends that the notice of expiration of period of redemption was void in that it did not show the amounts due for taxes for each separate year. The plaintiff failed to pay the taxes for the year 1929 and at the tax sale held on December 9, 1930 the land was sold to Bowman County. The plaintiff also failed to pay the taxes for the years 1930 to 1935 both inclusive. On May 21, 1940 notice of expiration of period of redemption was issued by the county auditor of Bowman County and was sent by registered mail to the plaintiff Robert May, the record title owner, at Rhame, North Dakota, his post office address. The notice stated that unless the owner made redemption within ninety days from the date of the notice a tax deed would be issued to the county granting to and vesting in it absolute title to the property. The notice also provided:

"There is given herewith the description of such parcels of real estate, and set opposite each description is the amount which will be required upon the date of the expiration of the period of redemption to redeem such real estate from such tax sale exclusive of the cost of serving this notice upon the owner and the person in possession thereof."

Below this statement appears the following description and figures:

| "Subdivision | Sec. | Town or Block | Range | Total Amount Necessary to Redeem | |
|---|---|---|---|---|---|
| NW¼SE¼, NW¼ SE¼, S½NE¼ | 4, | 129, | 105, | 1929 | $42.17 |
| | | | | 1930 | 45.69 |
| | | | | 1931 | 29.79 |
| | | | | 1932 | 22.62 |
| | | | | 1933 | 26.59 |
| | | | | 1934 | 23.36 |
| | | | | 1935 | 21.56 |

The following taxes are also delinquent:
1936          $19.10
1937            19.65
1938            18.80."

The notice is neither ambiguous nor misleading. It states specifically the amount of the tax for each year that had been delinquent for three years or more. The total amount necessary for redemption could be ascertained by the simple process of addition. The items showing the taxes delinquent for 1936, 1937 and 1938 were mere surplusage, or information that the taxes for those years were delinquent, but could not affect the validity of the notice which was otherwise regular and in compliance with the requirements of the applicable statutes.

What we said in Kelsch v. Miller, 73 N. D. 405, 15 N.W.2d 433, 441, 155 A.L.R. 1186, is applicable to the notice of expiration in the instant case:

"The notice that was issued gave to the persons to whom it was addressed and to any recipient thereof, all the information that was required by the law to be given concerning each of the certificates in a notice of expiration of the period of redemption. The notice contained full and complete information as to each tax sale certificate. It gave notice that the land had been sold to the county for the delinquent taxes for the years 1934 and 1935 at the tax sales held in subsequent years for the sale of lands for delinquent taxes. It stated the amount required to be paid for the redemption of each tax certificate and the total amount required for both certificates. As said, we are of the view that the notice was sufficient and that the inclusion of the two tax sale certificates—both having been issued more than three years before the date of notice of expiration of the period of redemption—was authorized under the law. The notice issued and served operated to give to the persons to whom it was addressed and upon whom it was served such notice as the law required to be given."

It is next contended that the tax deed to Bowman County is void because it was executed by the county auditor and not in the name of the State of North Dakota. This deed was admitted in evidence as plaintiff's exhibit 5. The form of tax deed to the counties in tax deed proceedings is prescribed by Section 57–2607 NDR C 1943, and the deed issued to the county in the instant case is in the identical form prescribed by said section. The deed recites:

"This indenture, made this 1st day of October A.D. 1940, between the state of North Dakota, by Sue V. McIntyre, as county auditor of the said county, party of the first part, and the said Bowman County, party of the second part."

An identical form of deed was before this court in the case of Klemesrud v. Blikre, N.D., 75 N.W.2d 522, and we there held that it was in proper form and a valid deed. Plaintiff's objection to the form of the deed is therefore without merit.

It is established by the record that the tax deed proceedings conducted by Bowman County were in all things regular and in strict compliance with the applicable statutes; and no redemption having been made by the plaintiff the title to the land involved in the instant case became vested in fee simple in Bowman County. The defendant Vernon Miller will be entitled to a deed from Bowman County upon payment of the consideration as stated in his contracts for deed. Since we have held that the tax deed proceedings conducted by Bowman County were regular and valid it will not be necessary to consider other defenses interposed by the defendant Vernon Miller.

The judgment of the district court is affirmed.

BURKE, C. J., and MORRIS, GRIMSON and JOHNSON, JJ., concur.